# WABASH RAILROAD COMPANY *v*. FLANNIGAN.

### ERROR TO THE ST. LOUIS COURT OF APPEALS OF THE STATE OF MISSOURI.

No. 115.   Submitted December 18, 1903.—Decided January 4, 1904.

Where the Federal question asserted to be contained in the record is manifestly lacking all color of merit the writ of error will be dismissed. On petition of interpleader in a state court by a judgment debtor to engraft upon two judgments for the same debt, one in the State in which the action is brought and the other in a different State, a limitation to a single satisfaction out of a specific sum, there is no merit in the claim to protection under the due faith and credit clause of the Federal Constitution where it does not appear that in the state courts any rights were set up specifically based upon the judgment obtained in the other State, an effect was claimed therefor which if denied to it would have impaired its force or effect, or any right to the relief demanded was predicated upon the effect to be given thereto.

THE action wherein was entered the judgment which is sought to be reviewed by this writ of error was begun on December 20, 1900, by the filing in the Circuit Court of the city of St. Louis of a petition on behalf of the Wabash Railroad Company, the plaintiff in error in this court. The defendants named in the petition were Alexander Flannigan and Virgil Rule, the present defendants in error. The cause of action was ultimately embodied in a third amended petition, filed, by leave of court, on April 15, 1901. From a recital made in the opinion of the St. Louis Court of Appeals the following summary of the allegations of that pleading is made:

After asserting its existence as a consolidated corporation from a named date, plaintiff alleged that it was indebted, on June 10, 1891, to one Tourville, for wages, in the sum of $81.98; that an action to recover such indebtedness was instituted by Tourville in a court of the State of Missouri on the date named, and that a judgment was rendered in favor of

Tourville, which had been finally affirmed by said court; that in April, 1895, the defendant Flannigan recovered judgment against Tourville and the railroad company in a court of the State of Illinois, the railroad company being made garnishee in the action on account of the original indebtedness of $81.98 to Tourville, above mentioned; that Tourville had assigned the judgment obtained by him in the Missouri court to the defendant Virgil Rule, and that both the defendants Flannigan and Rule were undertaking to collect their respective judgments from the railroad company. The court was asked to permit a deposit in court of the sum of $81.98 and interest, and to require the defendants to interplead and to have determined their rights in respect to such deposited sum. The defendant Rule was served with summons, and a written appearance was filed on behalf of Flannigan, who was a nonresident.

In stating the subsequent steps in the litigation we shall omit reference to the facts which clearly have no relevancy to the alleged Federal questions.

Following the filing of the third amended petition an application was made for the allowance of a temporary injunction against the defendants, prohibiting them from attempting to enforce their respective judgments pending the determination of the action. An order was thereupon made temporarily restraining the defendants, and requiring them "to show cause, if any they have, why a temporary injunction should not be issued herein, and the relief prayed for in said third amended petition should not be granted." A "return" to this order to show cause was filed on behalf of the defendant Rule, and therein were set forth numerous reasons why a temporary injunction should not issue and the relief prayed in the third amended petition should not be granted. Flannigan answered, admitting each and every allegation therein, and claiming priority of lien and right of payment out of the so-called fund of $81.98. Thereafter, on April 22, 1901, the plaintiff filed a motion for the relief prayed for, notwithstand-

ing the aforesaid return of Virgil Rule, and numerous reasons were stated in support of the motion.  On April 29, 1901, the court entered the following order:

"Now at this day come the parties herein by their respective attorneys, and the order issued herein on April 15, 1901, commanding the defendants to show cause why a temporary injunction should not be granted against them, coming on for hearing upon the pleadings, affidavits and proofs adduced, and the court having duly considered the same, and being sufficiently advised of and concerning the premises, doth order that the prayer of plaintiff's bill be and is denied.  It is further ordered by the court that the restraining order granted against defendants on April 15, 1901, be and is hereby dissolved."

A motion for rehearing was filed and overruled.  The motion was based upon the assumption that the order in question operated as a judgment dismissing the petition.  The fifteenth and last ground of the motion and the first and only specific reference made to the Constitution of the United States in the proceedings up to that time was as follows:

"Fifteenth. Because the court erred in refusing to give full faith and credit to the judgment of a sister State, as required by the Constitution and laws of the United States."

On appeal the St. Louis Court of Appeals entered a judgment affirming in all things the "judgment" of the trial court.  75 S. W. Rep. 691.  No allusion was made in the opinion to any constitutional question.  Application was then made to transfer the cause to the Supreme Court of Missouri, upon the claim that it involved "a construction of section one of article four of the Constitution of the United States."  The application was denied.  A petition was next presented to the presiding judge of the St. Louis Court of Appeals, praying the allowance of a writ of error from this court.  The petition was overruled, for the following stated reasons:

"In *Wabash Railroad Company* v. *Tourville*, 179 U. S. 322, the judgment herein involved came under review.  The validity of the Tourville judgment, as we understand the opinion,

was sustained, and its priority over that of Flannigan was adjudged. In the face of this decision we deny the writ."

A writ of error was afterwards allowed by a justice of this court. The error assigned embraced the following alleged Federal questions:

"19. Your petitioner charges and avers that in said suit, while the same was pending in said Circuit Court and in said Court of Appeals, the construction of the following clauses of the Constitution of the United States was drawn in question, viz:

"The following clause of section 1, article IV: 'Full faith and credit shall be given in each State to the public acts, records and judicial proceedings of every other State.'

"Section 11, article IV: 'The citizens of each State shall be entitled to all the privileges and immunities of citizens in the several States.'

"The following clause of section 1, article XIV, of amendments to the Constitution: 'No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States, nor shall any State deprive any person of life, liberty or property without due process of law, nor deny to any person within its jurisdiction the equal protection of the law.'

"Your petitioner says that the decisions of the courts on said clauses of the Constitution in said cause were against the rights, title, privilege and exemption specially set up and claimed under said clauses of said Constitution by your petitioner."

*Mr. Wells H. Blodgett* and *Mr. George S. Grover* for plaintiff in error:

The court has ample jurisdiction to hear and determine this controversy by reason of the constitutional question apparent upon the face of the record. *Insurance Co.* v. *Needles*, 113 U. S. 574; *Carpenter* v. *Strange*, 141 U. S. 87; *Water Co.* v. *Green Bay*, 142 U. S. 269; *Gordon* v. *Bank*, 144 U. S. 97; *Cooke* v. *Avery*, 147 U. S. 375; *Powell* v. *Brunswick County*, 150 U. S.

440; *Scott* v. *McNeal,* 154 U. S. 34; *Sayward* v. *Denny,* 158 U. S. 180; *Railway* v. *Chicago,* 166 U. S. 226; *Canal Co.* v. *Paper Co.,* 172 U. S. 58; *Water Power Co.* v. *Railway Co.,* 172 U. S. 475.

The judgment of a sister State may become a Federal question: *First.* Where the existence or validity of such judgment is in dispute in a state court, and the decision impairs its integrity, or existence; *Second.* Where the effect of the judgment according to the law and usage of the State where rendered is in dispute in a state court, and the decision is adverse "to the claimed or contended effect of such judgment." The case at bar falls under the latter instance. *Crapo* v. *Kelley,* 88 U. S. 610; *Dupasser* v. *Rochersar,* 21 Wall. 130; *Live Stock Company* v. *Butchers Union,* 120 U. S. 141; *Huntington* v. *Attrill,* 146 U. S. 657; *Railway* v. *Sturm,* 174 U. S. 710; *Green* v. *Buskirk,* 5 Wall. 310.

By denying the relief prayed for, the court below deprived the plaintiff in error of its property "without due process of law," in violation of the Fourteenth Amendment to the Constitution of the United States. *Railway Co.* v. *Sturm,* 194 U. S. 710.

Plaintiff in error was entitled to the relief prayed for and Flannigan was entitled to a hearing on the issue of priority.

A bill of interpleader may be properly filed in any cause, as well after the adverse claims to the fund have been reduced to judgment, as prior to that time. *Cheever* v. *Hodgson,* 9 Mo. App. 565; *Dodds* v. *Gregory,* 51 Mississippi, 351; *Woodruff* v. *Taylor,* 20 Vermont, 65; *Provident Savings Inst.* v. *White,* 115 Massachusetts, 112; 2 Story Eq. Jurisprudence (13th ed.), 137 note; *Hamilton* v. *Marks,* 5 DeGex & Smale, 638; 13 Eng. Law & Eq. 321; *Johnson* v. *Maxey,* 43 Alabama, 521; *Newhall* v. *Kastens,* 70 Illinois, 156; *Mills* v. *Townsend,* 109 Massachusetts, 115; *Robards* v. *Clayton,* 49 Mo. App. 610; *Building Association* v. *Joy,* 56 Mo. App. 433.

The plaintiff has never been guilty of laches.

*Mr. John D. Johnson* and *Mr. Virgil Rule* for defendant in error, Rule:

The decision of the St. Louis Court of Appeals was upon the ground that all the parties to the bill of interpleader had had their day in court, and that the questions raised were *res adjudicata.* This is not a Federal question and this court is, therefore, without jurisdiction. *Northern Pacific Railroad* v. *Ellis,* 144 U. S. 464; *Hammond* v. *Johnson,* 142 U. S. 73; *Hickman* v. *Fort Scott,* 141 U. S. 415; *Chaffin* v. *Taylor,* 116 U. S. 367; *Clark* v. *Keith,* 106 U. S. 464; *Peck* v. *Sanderson,* 18 How. 42.

In order to give this court power to revise the judgment of a state court it must appear upon the transcript that the constitutional question was raised by the pleadings and decided against plaintiff in error. *Oxley* v. *Butler Co.,* 166 U. S. 657, 658; *Hoydt* v. *Sheldon,* 1 Black, 518, 521; *Maxwell* v. *Newbold,* 18 How. 511.

This court will not review the judgment of a state court except upon the decree of the highest court in the State. Rev. Stat. U. S. sec. 709; *Farnsworth* v. *Montana,* 129 U. S. 104; Desty's Fed. Proc. sec. 223.

The Supreme Court of Missouri is the highest court in that State having jurisdiction in constitutional questions. Constitution of Missouri, art. 6, sec. 12; *State* v. *St. Louis Ct. of App.,* 97 Missouri, 296, 299; *State* v. *Caldwell,* 57 Mo. App. 447; *In re Essex,* 44 Mo. App. 289.

The bill of interpleader does not state facts sufficient to constitute a cause of action against defendants, for the following reasons:

It is essential to a bill of interpleader that the plaintiff shall make known his condition as a stakeholder by bringing a suit within a reasonable time after being advised of the double claims against him. *Cheever* v. *Hodgson,* 9 Mo. App. 565; *Dodds* v. *Gregory,* 61 Mississippi, 351; *McDevitt* v. *Sullivan,* 8 California, 592; *Union Bank* v. *Kerr,* 2 Md. Ch. 460; Ency. P. & P. 462 *k;* *Barnes* v. *Bamberger,* 196 Pa. St. 123; *Brackett* v. *Graves,* 51 N. Y. St. Rep. 895.

It is an essential to a bill of interpleader that the right of either defendant to the fund should not have been previously determined by a judgment at law against the plaintiff. *McKinney v. Kuhn,* 59 Mississippi, 186; *Risher* v. *Roush,* 2 Missouri, 95; *French* v. *Robrchard,* 5 Vermont, 43; *Holmes* v. *Clark,* 46 Vermont, 22; *Mitchell* v. *N. W. Mfg. Co.,* 26 Ill. App. 295; *Carroll* v. *Parks,* 1 Baxt. 269; *Yarborought* v. *Thompson,* B. S. & M. 291; *Haseltine* v. *Brickley,* 16 Gratt. 116; *Cornish* v. *Tanner,* 1 Young & J. 333; *Prov. Ins. Co.* v. *White,* 115 Massachusetts, 112.

A bill of interpleader must show that the plaintiff is ignorant of the rights of the parties who are called upon to interplead. Ency. P. & P. 465, n. 2; *Barker* v. *Barker,* 42 N. H. 78; *Shaw* v. *Coster,* 8 Paige, 339; *Morgan* v. *Fillmore,* 18 Abb. Pr. 219; *Mohawk, etc., R. Co.* v. *Chute,* 4 Paige, 384; *Pfister* v. *Wade,* 56 California, 43; *Illingworth* v. *Rowe,* 52 N. J. Eq. 360; *Trigg* v. *Hitz,* 17 Abb. Pr. 436; *Del., etc., R. R. Co.* v. *Corwith,* 16 Civ. Pro. Rep. (N. Y.) 312; *Heckmer* v. *Gilligan,* 28 W. Va. 750.

A judgment debt of one jurisdiction is not subject to a bill of interpleader in another jurisdiction. *Crane* v. *McDonald,* 118 N. Y. 657; *Snodgrass* v. *Butler,* 54 Mississippi, 45; *Fulton* v. *Chase,* 6 N. Y. Supp. 126; *Gibson* v. *Goldwaite,* 7 Alabama, 281; *Stone* v. *Reed,* 152 Massachusetts, 179; *Boston, etc.,* v. *Skillings,* 132 Massachusetts, 418; *Fairbanks* v. *Bilknap,* 135 Massachusetts, 179; *Kyle* v. *Mary Lee Coal Co.,* 112 Alabama, 606; *Morristown* v. *Binnings,* 26 N. J. Eq. 345; *Bartlett* v. *Sutton,* 23 Fed. Rep. 257.

The Circuit Court had no power to enforce its judgment against the person of defendant Flannigan, hence a temporary injunction as against him would have been wholly without effect, unless he chose to obey it. Rev. Stat. Mo. 1899, sec. 598*d; Sheedy* v. *Second Nat. Bank,* 62 Missouri, 17.

The Missouri court would have no power to decree that the judgment of the Illinois court was void or that it was not void. *Carpenter* v. *Strange,* 141 U. S. 88.

A court of one jurisdiction cannot enjoin the collection of a

judgment of another court of competent jurisdiction, in the absence of any allegation of fraud in obtaining such judgment. *Scrutchfield* v. *Souter*, 119 Missouri, 621; *Nelson* v. *Brown*, 23 Missouri, 13; *Keith* v. *Plemmons*, 28 Missouri, 104; *Pettus* v. *Elgin*, 11 Missouri, 411; *Mellier* v. *Bartlett*, 89 Missouri, 137; *Haehl* v. *Wabash R. Co.*, 119 Missouri, 325; *State ex rel.* v. *Eggers*, 152 Missouri, 487.

MR. JUSTICE WHITE, after making the foregoing statement, delivered the opinion of the court.

The opinion of this court, upholding the correctness of the judgment entered by the Circuit Court of Missouri in favor of Tourville, referred to in the preceding statement, was announced on December 3, 1900. *Wabash R. R. Co.* v. *Tourville*, 179 U. S. 322. The action now under review was begun seventeen days later. In the action which was under review in 179 U. S. the contention on behalf of the railroad company was that, despite the fact that on March 26, 1895, the Supreme Court of Missouri, on appeal by Tourville, had entered a judgment directing the St. Louis Court of Appeals to render judgment in favor of Tourville for the full amount of wages earned by him, the railroad company was yet entitled, after the filing in the St. Louis Court of Appeals of the mandate of the higher court, to offset against the amount of the judgment directed to be entered in favor of Tourville, the sum of the judgment recovered by Flannigan in the attachment suit which had been instituted in Illinois subsequently to the decision of the Supreme Court of Missouri in Tourville's action. The claim of jurisdiction in this court to review the judgment of the Supreme Court of Missouri, just referred to, was based upon the contention that the refusal of the Missouri courts to give to the Illinois judgment in favor of Flannigan the effect claimed for it by the railroad company was a denial of the full faith and credit to which that judgment was entitled by virtue of section 1 of article IV of the Constitution of the United States.

As already stated, the present action was begun after the opinion reported in 179 U. S. 322, affirming the judgment of the Supreme Court of Missouri, was delivered.

The controversy in the present action relates to the same judgments which were under consideration in this court in the prior action, and the purpose of the railroad company in this, as in the previous case, was to limit the amount which might be collected by the holders of the respective judgments against it to a sum which in the aggregate would not be in excess of the indebtedness to Tourville upon his original claim. In substance, therefore, the present action is but an attempt by indirection to do that which the Supreme Court of Missouri and this court have held in the prior action could not be done.

The constitutional questions now urged on behalf of plaintiff in error are that the dismissal of its petition for interpleader was a denial of full faith and credit to the garnishment judgment rendered by the Illinois court, and that the denial of the relief prayed for also violated the due process clause of the Fourteenth Amendment to the Constitution of the United States.

The objection last stated need not be further noticed, as it was asserted for the first time in the petition for the allowance of a writ of error from this court. We think it unavoidably results also that the claim of the protection of the due faith and credit clause of the Constitution of the United States here relied on is without merit. Nowhere in its petition for interpleader or in the proceedings had thereunder in the Missouri courts did the railroad company set up rights specifically based upon the Illinois judgment, claim for that judgment an effect which, if denied to it, would have impaired its force and effect, nor did the railroad company predicate any right to the relief demanded upon the effect due to the Illinois judgment. The relief asked by the railroad company in substance tended, on the contrary, to lessen the force and effect both of the Missouri and Illinois judgments. It was sought to change the status of the company from that of a general debtor for

the amount due upon each judgment and to engraft upon the judgments a limitation to a single satisfaction out of a specific fund. In its petition the railroad company expressly alleged its inability to determine whether the Illinois or the Missouri judgment possessed a priority of right to payment out of the so-called fund. Clearly, also, even the owner and holder of the Illinois judgment could not, in reason, contend that the judgment of the Missouri court complained of had the effect of denying full faith and credit to the judgment of a sister State. As the settled rule in this court is that where the Federal question asserted to be contained in a record is manifestly lacking all color of merit, the writ of error must be dismissed, *Swafford* v. *Templeton*, 185 U. S. 487, 493, and cases cited, it results that the writ or error in this case must be dismissed for want of jurisdiction.

*Writ of error dismissed.*