[Civil No. 1676.   Filed May 21, 1919.]

[181 Pac. 172.]

# E. A. SAWYER, Appellant, v. HENRY HUNING, Appellee.

1. JUDGES — ABSENCE OF JUDGE FROM COUNTY — VALIDITY OF TELE-
GRAPHIC ORDERS.—A trial judge who is absent from his county seat
and in another county cannot make a valid order to continue a case
and transmit it by telegraph to the clerk of the court for entry
on the minutes; the judge's presence in the county being absolutely
necessary to the validity of all judicial acts unless excepted by
statute.

2. STIPULATIONS—SUFFICIENCY — ASSENT TO CONTINUANCE OF HEAR-
ING.—Assent by attorneys to minute entries continuing a hearing
at the judge's request because of his illness was a sufficient stipu-
lation to enable judge to retain jurisdiction to grant a new trial,
notwithstanding Civil Code of Arizona of 1913, paragraph 591, deem-
ing a motion for new trial denied after 20 days from judgment.

3. CORPORATIONS—SALE OF STOCK—ACTION ON CONTRACT—VERDICT—
AMOUNT.—In an action on a note given for corporate stock sold
under an agreement for the cancellation of the note and return of
the money upon the buyer's demand if dissatisfied, the buyer could
not, on the seller's refusal to return the money paid, recover the
amount paid after having received as a stockholder part of the
price thereof on account of liquidation of the stock, since to do so
would give the purchaser an amount in excess of that paid for the
stock.

[As to absence of judge, see note in 122 Am. St. Rep. 721.]

APPEAL from an order of the Superior Court of the
county of Navajo granting a new trial.   Sidney Sapp, Judge.
Order affirmed.

Mr. Thorwald Larson, for Appellant.

Mr. C. H. Jordan and Mr. J. E. Crosby, for Appellee.

CUNNINGHAM, C. J.—The appellee, as plaintiff, com-
menced this action against the appellant on notes made by
the defendant to plaintiff.   The defendant set forth his de-
fense, praying a cancellation of the notes and other affirma-
tive relief.   On a trial before the court with a jury, the jury
rendered a general verdict in favor of the defendant.   On
the seventeenth day of December, 1917, the court rendered a

judgment in favor of the defendant in accordance with the general verdict, granting him the relief prayed for in his cross-complaint.

The plaintiff filed his motion for a new trial in due time, on December 26, 1917. Referring to the minute entries in the supplemental abstract of the record, filed by the appellee, we find on January 2, 1918, the following:

"January, 2, 1918. The following telegram is entered upon the minutes of the court by the clerk at this time: 'Phoenix, Ariz., 4:23 p. m. 1—2/18. Lloyd C. Henning, Clerk of the Superior Court, Holbrook, Arizona. The court for good and sufficient reasons orders all motions, pleadings and cause for trial to be continued from this the second day of January, '18 until Monday 14 of January, 1918, this order you spread on your minutes as of 10 a. m. to-day.

"SIDNEY SAPP, Judge.' "

The following minute orders appear:

"Jan. 14, 1918. The court directed the clerk to enter upon the minutes of the court the continuance of the hearing of motion for new trial in this action until January 16, 1918, on account of illness of the judge, which said continuance is satisfactory to all parties in this action."

"January 16, 1918. In the above-entitled cause the hearing on the plaintiff's motion for a new trial is continued from this date to January 23, 1918, by agreement of counsel."

"January 16, 1918. The Hon. Sidney Sapp, Judge of this court, in open court, directed the clerk to enter in his minutes that, because of the illness of the said judge, he was not able to be present in court, January 2, 1918, the date on which motion for new trial herein was to be heard, and that all interested parties were notified, as well as the clerk of the court, that the hearing would take place January 14, 1918, to which neither side have made and do not make any objections. On this 16th day of January, 1918, the court, at the request of the defendant, now continues the hearing on motion for new trial herein until January 23, 1918."

The hearing of the motion for a new trial was postponed from January 23, 1918, from time to time until April 8, 1918, when the parties argued the motion, and upon such submission the court announced that a decision would be rendered May 6, 1918.

On May 6, 1918, the court rendered its decision on the motion, granting the plaintiff a new trial. From which order the defendant appeals, and assigns as error the said order granting a new trial.

The appellant contends that the appellee's motion for a new trial was denied by operation of law 20 days after the seventeenth day of December, 1917, the date of rendition of the judgment, to wit, on the seventh day of January, 1918, for the reason that the motion was not continued by any valid order of the court nor by a stipulation of the parties as prescribed by paragraph 591, C. C. A. 1913.

We held, in *Chenoweth* v. *Prewett,* 17 Ariz. 402, 153 Pac. 420 that—

"Unless the court retains jurisdiction by proper orders of continuance or by stipulation of the parties, it is without power to hear and determine the motion after the 20 days' lapse of time from the rendition of judgment."

See, also, *Bigler* v. *Welker,* 16 Ariz. 44, 141 Pac. 124.

We are referred to no law permitting a trial judge who is absent from his county seat, and at the time in another county, to make a valid order and transmit such order by telegraph to the clerk of the court for entry upon the minutes of the distant court. The judge's presence in the county where the causes are pending is absolutely necessary to the validity of all judicial acts, except such acts as the statutes provide may be performed outside of a county and transmitted to the county by the means prescribed. The judge could not delegate to the clerk the authority to make the order of continuance, nor could the judge make the order while in Phoenix and send it by telegraph to Holbrook for the clerk there to enter, in the absence of the judge. The entry, on its face, discloses no authority for the existence of the order. The order relied upon by the appellee is void, as an order of the court, and served no duty of such an order of continuance of the motion for a new trial.

The minutes of the court entered by the judge on the sixteenth day of January recite that all interested parties were notified of the judge's inability to hear the motion on January 2, and that it would be heard on January 14, 1918, to which they agreed by a silent acquiescence. At the time the order was made in the minutes, January 16, 1918, the

defendant moved for a postponement of the hearing until January 23, 1918, and his motion was granted.

We think these several entries in the minutes show the existence of a stipulation of the parties continuing the hearing from January 2, 1918, to January 14, 1918, at the request of the judge because of his illness. Hence the court retained jurisdiction to pass upon the motion by orders of the court and by stipulation of the parties. The record presents a case different from *Chenoweth* v. *Prewitt* and from *Bigler* v. *Welker.* Before the statute (paragraph 591, *supra*) "deems" the motion denied at the expiration of 20 days after rendition of judgment, there must be absent from the case, as a fact, all valid court orders continuing the hearing of the motion, and no stipulation of counsel. The statute does not require a stipulation of counsel to be more solemnly entered into than is necessary to bind the parties. An agreement reached in open court and recited in the minutes is binding on the parties, and neither party will be heard to assume a position contrary to such agreement in the further progress of the case. It would shock the conscience for a party to agree in open court to a postponement of the hearing and thereafter to ask for and be granted further continuances of the motion for a new trial and raise no objection to the court passing on the motion until the court rules against his contention, and then, for the first time, on appeal, contend that the court lost jurisdiction because the motion was not continued by order of the court or by stipulation of parties. The minutes of the trial court in this case do not bear out the appellant's contention that the court lost jurisdiction to pass on the motion for a new trial.

The appellant complains of the order granting a new trial, upon the ground that no sufficient tender of corporate stock had been made by appellant to appellee.

The ninth paragraph of the motion for a new trial is, in part, that—

"The court erred in not changing and modifying said instruction so as to explain fully to the jury the nature of a tender and failure of defendant to make one in this action."

The abstract of the record shows the order of May 6, 1918, as follows:

"In the above-entitled cause the court at this time grants the motion for the plaintiff for a new trial, and orders that a new trial be had."

In a separate paper, signed and filed by the judge on July 29, 1918, as a "transcript of the notes covering remarks and order of the court, delivered orally in open court, Monday, May 6, 1918," we find the following:

"I do not know that it is necessary to go into detail regarding this motion for a new trial, as counsel for both plaintiff and defendant are not here, and this being the time fixed for hearing this matter, it is ordered by the court that the motion be granted, and that a new trial be ordered.

"I think the main proposition is the question of tender, and I doubt if tender was ever made, or, if made, was ever kept good. As far as the matter of estoppel, set up in the case, I don't take that very seriously."

The court instructed the jury with regard to the matter of tender, as follows:

"If the jury believe from the evidence that after the giving of the note in question, and the defendant learned all the alleged facts regarding the transaction, and after discovering such facts, and after payment was demanded of said note, he failed to tender or return the stock, . . . and that he accepted payments made by the liquidating agent of said bank on such stock, he is now liable on the note, and you should return a verdict for the plaintiff.

"You are instructed that if you find from the evidence that the plaintiff . . . represented to E. A. Sawyer, the defendant, at or before the time of the purchase of the shares of stock mentioned in answer of the defendant that he would return to the defendant, Sawyer, the purchase money paid for said stock and take back said stock at any time demanded by the defendant, upon his return or offer to return the said stock; and if you find from the evidence that the defendant did demand the return of the purchase money paid for said stock, and did tender or return the said stock to the plaintiff, Huning, and that the plaintiff, Huning, refused to return said purchase money and refused to receive back said stock, then you should find the issues in this case for the defendant."

These are the only instructions in the record having reference to the matter of tender of stock by Sawyer to Huning, and the instructions contained in the last two paragraphs

quoted above are those complained of in the motion for a new trial.

The matter referred to as the question of estoppel is, briefly stated, as follows: Sawyer bought 50 shares of bank stock from Huning at the agreed price of $125 per share, paying $5,000 cash and the note sued on for the balance, $1,250. The agreement was that, if Sawyer became dissatisfied with his purchase, Huning would cancel the note and return the money upon Sawyer's demand and upon his return of the stock. The evidence is without serious conflict that Sawyer demanded the cancellation of the note and a return of his money. Huning refused to do either—cancel the note or return the money. The evidence is conclusive that while Sawyer has been the holder of the 50 shares of stock, the bank went into the hands of a liquidating agent, and that agent paid to Sawyer, on account of the liquidation of stock held by Sawyer, $55 per share. Evidence of Sawyer's acceptance of the amount paid in distribution to the stockholders was offered by the plaintiff as evidence estopping Sawyer from denying his absolute, unconditional ownership of the stock so being partially liquidated.

The judgment is one canceling the note and granting Sawyer a judgment against Huning for $5,000 with interest. What reasons the trial judge may have entertained as sufficient to require him to grant the plaintiff a new trial, certainly it would shock the conscience to permit a judgment to stand which gives no effect to evidence, clear, uncontradicted, and admitted as true by the party receiving the benefits, that such party had received already $2,750 of the $5,000 sought to be recovered, and which the judgment does not recognize.

The right of Sawyer to have his note canceled and to receive from Huning $45 per share of stock would be established upon evidence satisfying the court and jury that Sawyer and Huning agreed to the terms of the contract set forth; that Sawyer demanded the return of the note and tendered the stock. The matter of the inability of Sawyer to return the 50 shares of stock is not raised in the case. Huning says, in effect, that he is not legally called upon to recognize Sawyer's demand for the rescinding of the former contract until Sawyer physically presents the full 50 shares of stock as a tender at the time of making the demand; otherwise the former contract

remains unimpaired. In other words, the plaintiff contends for the enforcement of the general rule of tender to the facts in this case. So many exceptions to the general rule have been recognized and enforced by the courts that it has become a difficult matter at times to determine whether the facts of a given case are within the general rule or within some exception. It is clear, however, in this case, conceding that Sawyer properly notified Huning of a determination to rescind the stock agreement, that Sawyer was not entitled to recover from Huning a greater sum of money than he paid for the stock, and, to permit the judgment to stand, Sawyer is recovering $2,750 and interest from the date of the contract, in excess of the amount he paid Huning. The judgment is decidedly excessive, at least; and, the court having exercised a discretion to grant a new trial as the proper remedy to correct the judgment, that determination should not be disturbed by this court.

The appellee has assigned cross-errors based upon the judgment. The view we have taken obviates a consideration of such errors, even if they are properly assigned.

The order granting a new trial is affirmed.

ROSS and BAKER, JJ., concur.