ROSS, C. J., and McALISTER, J., concur.

---

[Civil No. 1922. Filed January 13, 1922.]

[203 Pac. 333.]

## J. W. LIST, Appellant, v. W. W. WILKINSON, Appellee.

NEW TRIAL — ORDER TAKING MOTION UNDER ADVISEMENT HELD A SUFFICIENT CONTINUANCE TO PREVENT LOSS OF JURISDICTION.— Under Civil Code of 1913, paragraph 591, providing that motions for new trials shall be deemed denied if not determined within twenty days after judgment, unless continued by order of the court or by stipulation, where the hearing of such a motion was duly continued until January 15th, on which date it was argued, an order then made, taking the motion under advisement, was a sufficient order of continuance to prevent the court from losing jurisdiction to rule on the motion.

APPEAL from a judgment of the Superior Court of the County of Maricopa. R. C. Stanford, Judge. Affirmed.

Mr. E. Wilder and Messrs. Davis & Goodman, for Appellant.

Mr. Le Roy Anderson and Dr. Win Wylie, for Appellee.

ROSS, C. J.—This is an appeal from an order vacating and setting aside a judgment against appellee and granting him a new trial. It is the contention of the appellant that the court, at the time of making such order, had lost jurisdiction of the subject matter of the motion. The record shows the appellant obtained a verdict and judgment against appellee on November 9, 1920. Appellee filed his motion for a new trial November 10th. Hearing upon this motion was, by order of the court, continued from time to time, the last order being entered January 8, 1921, continuing the hearing until January 15, 1921. The order made on the last-mentioned date is as follows:

"This cause comes on regularly for hearing on motion for new trial, which said motion is argued to the court and submitted, and the court, not being sufficiently advised in the premises, takes said motion under advisement."

The court held the motion until January 25th, on which date it was granted and a new trial ordered.

Appellant's assignment of error challenges the sufficiency of the order dated January 15, 1921, to retain the court's jurisdiction to pass on the motion for a new trial thereafter. He bases his contention on paragraph 591, Civil Code, and the following decisions of this court: *Bigler* v. *Welker*, 16 Ariz. 44, 141 Pac. 124; *Chenoweth* v. *Prewett*, 17 Ariz. 400, 153 Pac. 420; *Peer* v. *O'Brien*, 21 Ariz. 106, 185 Pac. 644. Paragraph 591, Civil Code, provides that motions for new trial shall be deemed denied, if not determined by the court within twenty days after judgment is ren-

dered, unless continued by order of the court or by stipulation. In the Bigler case the decision was to the effect that the motion for a new trial was denied by operation of law twenty days after rendition of judgment; it appearing that the hearing thereon had not been continued by order of the court or by stipulation of parties. In that case there was no attempt by order of the court, or otherwise, to continue the hearing on motion. In the Chenoweth case it appears fifty-eight days had intervened between the date of rendition of judgment and the date of order granting new trial. Twenty-four days after rendition of judgment parties argued motion for new trial, and submitted the same to the court for decision. We held at the time motion was argued and submitted it had been denied by operation of law, but stated in passing that—

"Had this order been made within twenty days after the rendition of the judgment, it probably would have been construed as a sufficient order continuing the hearing upon the motion, but, having been made after the twenty-day limit, it was upon a matter already decided by the law."

We also said:

"We are of the opinion, unless the court retains jurisdiction by proper orders of continuance or by stipulation of the parties, it is without power to hear and determine the motion after the twenty days' lapse of time from the rendition of judgment."

In the present case, the legality of the intervening orders of the court from the rendition of the judgment up to January 15, 1921, is not questioned, and it is not suggested that the court exceeded its powers in making the order of January 15th. As we gather from the assignment and argument of appellant, it is his contention that the order of that date did not have the effect of continuing the motion for a new trial;

that to take the motion under advisement as was done did not extend the time for its disposition, but resulted in a discontinuance thereof. In *Ex parte Doak,* 188 Ala. 406, 66 South. 64, the court had under consideration an order similar to the one we have here, and, after stating that "the order . . . was an observance of the common-law practice described in the phrase *curia advisari vult* (the court wishes to consider the matter)," said:

"The effect of the formal entry of that order was to continue the motion until the court might, during a lawful sitting, attain a conclusion and pronounce judgment thereupon. Bouvier's Law Dictionary, pp. 485, 486; Black on Judgments, § 180, Black's Law Dictionary, p. 310; *Clark* v. *Read,* 5 N. J. L. 486; *Semple* v. *Trustees,* 8 N. J. L. 60. . . . The order *curia advisari vult* manifests the fact that the hearing is complete and the postponement is for allowing deliberation by the court—not with the view to further or other hearing in the premises. If, in order to avert the extinction of the judicial power over the proceeding because of the expiration of the term or of the limitation fixed for a period to have that effect, it were required that formal order of continuance should be entered, an anomalous situation would be created, or else the rational common-law practice under consideration would be forbidden observance. The common-law practice indicated is too conservative of the best results in judicial administration to justify its abrogation without cogent reason therefor. None such appears or is shown."

The question involved in the Doak case was in its general character the same as the one we have. The court stated it as follows:

"So, the real question in this connection is whether the taking under advisement of the motion to set aside the judgment by default within the thirty-day period operated a continuance thereof to such time as the court might lawfully act upon it; whether that

action by the court preserved the court's power (subsequently to the expiration of the thirty-day period) to determine the issue presented by the motion.''

It will be observed from a reading of paragraph 591, *supra,* that the hearing upon the motion for a new trial may be continued as often as the court may desire or the parties stipulate. The motion is denied by operation of law only when no action of the kind indicated by the statute has been taken. The other case, *Peer* v. *O'Brien,* cited by appellant, is not in point.

Following the splendid reasoning of the Alabama court in the Doak case, we hold that the order of the court, taking the motion for new trial under advisement, was in effect an order of continuance such as is contemplated by the statute, and that the court did not lose jurisdiction to rule thereon thereafter.

The judgment of the lower court is affirmed.

McALISTER and FLANIGAN, JJ., concur.