[Civil No. 2008. Filed January 15, 1923.].

[211 Pac. 592.]

# W. H. SMITH and UNITED STATES FIDELITY AND GUARANTY COMPANY OF BALTIMORE, MARYLAND, a Corporation, Appellants, v. CITY OF NOGALES, ARIZONA, a Municipal Corporation, Appellee.

1. APPEAL AND ERROR—FAILURE TO SET FORTH CONCISE STATEMENT OF CASE AS REQUIRED BY RULE IS SUFFICIENT CAUSE FOR DISMISSAL. Neglect to comply with Supreme Court Rule 7, section 2, requiring appellants to set forth in their brief a concise statement of the case, presenting succinctly the questions involved and the manner in which they are arranged, constitutes sufficient cause for dismissal.

2. NEW TRIAL—PROPERLY GRANTED FOR NEWLY DISCOVERED EVIDENCE AND SURPRISE WHEN SIGNIFICANCE OF DOCUMENTARY EVIDENCE NOT DISCOVERED UNTIL AFTER VERDICT.—Where city suing former treasurer and his surety showed a shortage in his accounts, but was unable to show how the shortage came about, and, after verdict for defendant, an expert accountant, on examination of checks and vouchers introduced in evidence, discovered that claims against the city had been paid once to the rightful owner and once to the treasurer, and neither plaintiff's counsel nor the jury had discovered this fact, a new trial should be granted as for newly discovered evidence and surprise.

3. NEW TRIAL—DENIAL BY OPERATION OF LAW MAY BE WAIVED BY STIPULATION MADE AFTER THE TIME FOR DETERMINATION.—Under Civil Code of 1913, paragraph 591, providing that motions for new trials if not determined within twenty days after judgment shall be deemed denied unless continued by order of court or stipulation, the denial by operation of law, being for the benefit of the prevailing party, may be waived by him by stipulation made after the expiration of the twenty days.

4. APPEAL AND ERROR—STIPULATION WAIVING DENIAL OF NEW TRIAL BY OPERATION OF LAW PRESUMED. — A stipulation waiving the benefit of the denial of a new trial by operation of law under Civil Code of 1913, paragraph 591, may be presumed from the fact that the parties have subsequently appeared and without objection agreed to the continuance of the motion or presented it on its merits in argument before submission for decision.

5. NEW TRIAL—PARTIES HELD TO HAVE CONSENTED TO DETERMINATION, THOUGH NOT DETERMINED OR CONTINUED WITHIN STATUTORY TIME.

Though motion for new trial was not determined within twenty days or continued by order or stipulation within that time, where it was set for hearing and several times reset, once with the express consent of the attorneys for the parties, the prevailing parties consented to the court exercising jurisdiction over the motion.

6. NEW TRIAL—TIME FOR GRANTING NOT LIMITED TO SIX MONTHS IF MOTION KEPT ALIVE BY CONTINUANCE OR STIPULATION.—Civil Code of 1913, paragraph 600, authorizing the court within six months to grant relief from any judgment, etc., taken through mistake, etc., does not apply to a motion for a new trial under paragraph 584, and the time within which the court may pass on such a motion is unlimited, providing the motion is kept alive by continuances or stipulations under paragraph 591.

APPEAL from a judgment of the Superior Court of the County of Santa Cruz. Samuel L. Pattee, Judge. Affirmed.

Mr. S. F. Noon, Mr. Duane Bird, Mr. Frank J. Barry, Mr. Warren Lee Kinder and Messrs. Lawler & Degnan, for Appellants.

Mr. John B. Wright and Messrs. Duffy & Purdum, for Appellee.

ROSS, J.—This appeal is prosecuted from an order granting the plaintiff-appellee a new trial. We are compelled to resort to the abstract of the evidence to find the facts, since counsel have completely ignored the rule of the court requiring them to set forth in their brief "a concise statement of the case, presenting succinctly the questions involved and the manner in which they are arranged." Rule 7, § 2, Rules of the Supreme Court. The observance of this rule is absolutely necessary to an understanding of the assignments of error and the argument of counsel to follow. The frequency with which it is neglected prompts the court to warn the profession that it constitutes sufficient cause for dismissal. Without adopting that drastic method of disposing of this case, we will assume a burden that properly belongs

to counsel, simply because we incline, when we reasonably can, to decide each case upon its merits rather than summarily upon motion or *sua sponte.*

The city of Nogales sued the appellant Smith for a defalcation of $16,631.61 while exercising the office of city treasurer, and joined with him as a defendant his surety the United States Fidelity & Guaranty Company.. A jury returned a verdict for defendants, upon which a judgment was entered. Thereafter, and within the time allowed by law, plaintiff filed a motion for a new trial, alleging as grounds therefor surprise and newly discovered evidence. As we gather from the showing made in support of motion, the surprise and newly discovered evidence consisted largely, if not entirely, in the discovery of the method adopted by defendant Smith in hiding his peculations. In other words, while the plaintiff had been able to introduce evidence tending to show that defendant Smith was short in the amount sued for, it had failed to disclose to the court and jury how the shortage had come about. At the time of filing motion for new trial, or at least at the time the court ruled on it, an expert accountant had figured out that said defendant had, by means of duplications in some sixty cases, paid the owners of vouchered claims against the city, and also for the same items. had, at a later period, issued checks payable to the city's depository, or depositories, for his credit. While all the checks and vouchers were introduced in evidence, neither the plaintiff's counsel nor the jury detected that these lawful claims against the city had been paid twice—once to the rightful owner, and once to the defendant Smith.

If what is asserted here as a fact be true, it is clear that to let the judgment stand would be an assent to a palpable miscarriage of justice. When it was shown to the court that the verdict for de-

fendants was caused by a failure to discover defendant Smith's method of juggling accounts, the court very properly exercised its discretion in favor of a new trial, and, indeed, to have done less would have been a judicial sanction of a grievous wrong.

But it is contended that the court was without power to pass upon the motion for a new trial, because at the time he acted more than twenty days had transpired from the rendition of the judgment, without any stipulation of counsel or order of the court continuing the hearing thereon. Unless a motion for new trial be continued, in one of the ways designated, under paragraph 591, Civil Code of 1913, it is provided that it shall be deemed denied. Construing this statute in *Chenoweth* v. *Prewett,* 17 Ariz. 400, 153 Pac. 420, it was held, in effect, that this provision was mandatory and could not be waived and that an order or stipulation to be effective should be entered or made before the expiration of twenty days after the judgment was rendered. We have come to the conclusion that the denial of the motion by operation of law, unless continued by order of the court or by stipulation, being for the benefit of the party who obtained the judgment, may be waived by him, by stipulation entered into after the expiration of twenty days, and that the stipulation may be presumed from the fact that the parties have appeared and, without objection, agreed to the continuance of the motion, or presented it on its merits in argument before submission to the court for decision.

The ruling in *Chenoweth* v. *Prewett,* and other cases following it, is modified to that extent.

The rule in such cases is well stated in 15 C. J. 845, paragraph 164, as follows:

"But, where the court has general jurisdiction of the subject matter, a lack of jurisdiction of the par-

ticular case may be waived by failure to take timely and specific objections, or an invocation of or submission to the jurisdiction may raise an estoppel to deny such jurisdiction. So also the parties may either expressly or by their conduct, waive objections to remedies pursued in courts having jurisdiction of the subject matter.''

In this case the judgment was rendered on October 1, 1920. On November 9th by an order of the court the hearing thereon was set for November 30th. November 18th the hearing was reset for December 18th. December 17th the hearing was reset for January 31, 1921. December 20th the hearing was reset for February 28th. January 20, 1921, the hearing was again reset ''by consent of the attorneys for the parties'' for February 28th. Thereafter the hearing was reset each month until May 14th, when it was argued and taken under advisement. June 11, 1921, the court entered its order granting the motion for new trial.

From the above record it is shown that the appellants not only did not object to the court exercising jurisdiction over the motion for new trial, but actually gave consent thereto. Having done so, we think they should not be permitted in this court to interpose any objection.

Appellants likewise make a point that the court was without power to set aside the judgment and grant a new trial after the expiration of six months from the rendition of judgment, and cite in support thereof *Leeker* v. *Leeker*, 23 Ariz. 170, 202 Pac. 397. The motion in the Leeker case was under paragraph 600 of the Civil Code, and what was said there as to the limitation of time allowed the court to act upon the motion is not applicable where the motion is for a new trial based upon paragraph 584 of the Civil Code.

In proceedings under paragraph 584 the time within which the court must pass upon the motion is not limited, providing it is kept alive by continuances or stipulations, as provided in paragraph 591, *supra*.

We think the court had jurisdiction to pass upon the motion, and that it did not abuse its discretion in ordering a new trial.

The judgment is affirmed.

McALISTER, C. J., and LYMAN, J., concur.