303 P.2d 261

**Albert ZUGSMITH, Appellant,**

v.

**John C. MULLINS, John B. Mills and Bernice Mills, his wife, et al., Appellees.**

No. 6017.

Supreme Court of Arizona.

Oct. 30, 1956.

Jerry Giesler, Rexford Eagan, Beverly Hills, Cal., W. Francis Wilson and Kent A. Blake, Phoenix, for appellant.

Jennings, Strouss, Salmon & Trask, Phoenix, for appellees.

LA PRADE, Chief Justice.

This court disposed of the appeal in this case by written decision on July 10, 1956, which opinion is reported in 81 Ariz. 33, 299 P.2d 629. Therein it is disclosed that the trial court on May 11, 1954 entered judgment in favor of plaintiff on the verdict. The next day defendant filed two motions, one for judgment n. o. v. and the other for a new trial. This procedure is authorized by Rule 50(b), Rules of Civil Procedure 1956. On May 17, 1954 the court entered the following order:

"Order, on stipulation of counsel, fixing time for hearing on defendant's motion for judgment notwithstanding the verdict (and) for new trial on May 28, 1954, at 2:00 p. m. in Div. 2."

Thereafter, argument was commenced on May 28, and continued and completed on the morning of May 29, and the following order was entered:

"11:10 a. m. Order taking the defendant's motion for judgment notwithstanding the verdict (and) for new trial under advisement."

No ruling was made on this motion for new trial although the court, on July 26, 1954, granting the motion n. o. v. said:

"* * * but for such order the Court would grant defendant's motion for a new trial for the reason that the court is of the opinion that defendant was deprived of a fair trial by the conduct of plaintiff's counsel before the jury and the cumulative effect thereof, including the voir dire examination of the jury and the comments of counsel during examination of witnesses; * * *."

We reversed the judgment that had been entered n. o. v. in favor of defendant, and directed that judgment be entered for plaintiff on the verdict.

Appellee (defendant) in his motion for a rehearing asserts that we were in error in ordering that judgment be entered for appellant (plaintiff) and in holding that defendant's motion for a new trial was denied by operation of law. Other reasons

are asserted but we think they are without merit.

We stated in the former opinion [81 Ariz. 33, 299 P.2d 630] that

> " * * * The court did not rule upon the motion for a new trial. However, after the expiration of 20 days from the rendition of judgment, under the provisions of Rule 59(e), Rules of Civil Procedure, 1956, section 21–1308 A.C.A. 1939, said motion for a new trial is deemed denied by operation of law."

and

> " * * * While the trial court did not deny the motion for a new trial, it was denied as above stated, by operation of law. * * * "

We are now of the opinion that these conclusions are erroneous. Rule 59(e), Rules of Civil Procedure 1956, provides as follows:

> "Time for determination of motion. Motions for new trial shall be determined within twenty days after rendition of judgment, and if not so determined shall be deemed denied, unless continued by order of the court, or by stipulation."

Rule 59(e) is not a new rule. This is the same procedural rule which was Section 21–1308 in the 1939 Code and Section 3850 in the 1928 Code. It has been interpreted by this court in several cases. The rule does not say that a motion for new trial is denied automatically if not ruled upon in twenty days. It says that the motion shall be "deemed denied, unless continued by order of the court, or by stipulation."

In List v. Wilkinson, 23 Ariz. 262, 203 P. 333, 334, a motion for new trial was made on November 10th. Thereafter, the motion was continued by the court, and on January 15th it entered an order taking the motion under advisement. On January 25th the motion was granted. This was more than two months after is had been filed. It was urged that the statute for automatic denial, which was the same as the present Rule 59(e), operated to deny the motion. The court held that it did not, and said:

> " * * * we hold that the order of the court, taking the motion for new trial under advisement, was in effect an order of continuance such as is contemplated by the statute, and that the court did not lose jurisdiction to rule thereon thereafter."

That case and its holding has never been overruled expressly or by implication, or even modified so as to affect its plain meaning. In Bryan v. Inspiration Consol. Copper Co., 27 Ariz. 188, 231 P. 1091, a judgment was rendered June 5, 1922. A motion for new trial was filed within the

time permitted, and continued until September 11, when it was argued and taken under advisement. The motion was granted on December 7, 1922, six months after judgment. This court again affirmed the decision of List v. Wilkinson, supra, and held that the order taking the motion under advisement took the case out of the operation of the statute for automatic denial. To the same effect see: Sawyer v. Huning, 20 Ariz. 357, 181 P. 172; E. A. Tovrea & Co. v. Yutich, 24 Ariz. 41, 206 P. 595; Smith v. City of Nogales, 24 Ariz. 557, 211 P. 592.

If, therefore, under the plain decisions of this court, the trial court did not lose jurisdiction to rule on the motion for new trial when it entered its order taking that motion under advisement, did it thereafter lose jurisdiction to rule upon it by granting defendant's motion for judgment n. o. v. or because an appeal was taken? We think not.

Rule 50(b) expressly authorizes a motion for judgment n. o. v. and provides that

"* * * A motion for a new trial may be joined with this motion, or a new trial may be prayed for in the alternative. * * *"

In Montgomery Ward & Co. v. Duncan[1] the court said as to the joint or alternative motions for judgment n. o. v. and for a new trial:

"A motion for judgment notwithstanding the verdict did not, at common law, preclude a motion for a new trial. And the latter motion might be, and often was, presented after the former had been denied. The rule was not intended to alter the existing right to move for a new trial theretofore recognized and confirmed by statute. It permits the filing of a motion for judgment in the absence of a motion for a new trial or the filing of both motions jointly or a motion for a new trial in the alternative."

The situation in Montgomery Ward & Co. v. Duncan, supra, was that the trial court, after granting defendant's motion for judgment n. o. v. had refused to rule on the motion for a new trial, and the court of appeals had reversed the judgment and directed that judgment be entered on the verdict, without making provision for determination of the motion for new trial. The immediate question before the Supreme Court was, therefore, whether the court of appeals erred in failing to remand the case

1. Montgomery Ward & Co. v. Duncan, 1940, 311 U.S. 243, 250, 61 S.Ct. 189, 194, 85 L.Ed. 147, modifying 8 Cir., 1940, 108 F.2d 848, noted in (1941) 29 Calif.L. Rev. 247, 41 Col.L.Rev. 520, 9 Geo.Wash. L.Rev. 619, 54 Harv.L.Rev. 694, 14 So. Calif.L.Rev. 198, 27 Va.L.Rev. 705, 50 Yale L.J. 934.

to the trial court to have that court pass upon the motion for new trial. The court held that the granting of the motion for judgment n. o. v. did not operate as an automatic denial of the motion for new trial, and remanded for a decision on that motion.

If the trial court, as it did here, grants judgment n. o. v. and does not rule on the motion for a new trial, the party who obtained the verdict may, as he did here, appeal from that judgment. The judgment on the verdict may ultimately be reinstated because the appellate court may reverse the trial court's action as this court did in its first opinion. Whether the judgment on the verdict is to be reinstated will also depend on the outcome of any appeal that might follow from the granting or denying of the motion for new trial. Of course if a new trial is ordered and accepted the case will have to be tried anew, and likewise if a new trial is denied and there is no appeal the judgment on the verdict should be reinstated.

Better practice would seem to indicate that if alternative prayers or motions are presented for judgment n. o. v., and for a new trial, the trial judge should rule on the motion for judgment, and whatever his ruling thereon may be, he should also rule on the motion for a new trial, indicating the grounds of his decision. Rule 59(m),

Rules of Civil Procedure, 1956; Montgomery Ward & Co. v. Duncan, supra. Then in the event of an appeal and cross-appeal the ruling on both motions could be reviewed. Id. It is unfortunate that under the posture of this record such cannot be done.

An examination of the cases and the texts analyzing Rule 50(b) shows that there are many complications to be hurdled in correctly proceeding under the rule. Messrs. Barron and Holtzoff, in their work on Federal Practice and Procedure, make the following pronouncements with reference to the choices available to the trial court in passing on a motion for judgment n. o. v. and a motion for new trial in the alternative.

"1. It may deny the motion for judgment and grant a motion for new trial, *in which case there is ordinarily no appeal.* (Italicized words not applicable in this jurisdiction—see Sec. 12–2101 F. 1., A.R.S. 1956, Sec. 21–1702, A.C.A. 1939.)

"2. It may deny both motions, in which case the verdict stands and the appeal is from the judgment entered on the verdict, assigning as errors both the refusal of judgment n. o. v. and errors of law in the trial as heretofore. The appellate court may reverse the judgment and remand the case for a new trial or direct the entry of judgment n. o. v.

"3. The trial court may grant both motions in which event the judgment n. o. v. is appealable and on reversal the case must be remanded for a new trial pursuant to the trial judge's order on the alternative motion. In such a case the trial court's order should specify that the new trial is granted only in the event of reversal of the judgment n. o. v., since the unconditional grant of a new trial will vacate the judgment n. o. v.

"4. The trial court may grant the motion for judgment n. o. v. and deny the motion for a new trial, stating its reasons. On appeal the appellate court may reverse the judgment n. o. v. and the verdict will stand unless the appellee brings up for review errors of law in the trial sufficient to overthrow the judgment on the verdict."

To the bench and bar we commend these guides as insuring an orderly procedure if followed.

We specifically hold under the facts of this case that (1) the motion for new trial was not denied by operation of law and is still pending, and (2) that the taking of the appeal from the judgment n. o. v. did not operate as an automatic denial of the motion for new trial. The case is remanded to the trial court with directions to pass upon the motion for new trial, otherwise the original decision as modified is affirmed.

UDALL, WINDES and STRUCK-MEYER, JJ., concur.

PHELPS, Justice (dissenting).

I regret that I am unable to agree with the majority members of this court on their interpretation of our Rule 59(e) of the Rules of Civil Procedure.

Arizona, so far as I have been unable to discover from considerable research, is the only state in the union which has our Rule 59(e). Wisconsin, Texas, Oregon, Montana and California are apparently the only states that have anything similar.

The Legislature of Arizona adopted from Texas, sections 836–837 of the Revised Statutes of Arizona 1887, relating to motions for new trial. These sections have been materially amended since then and section 837, as amended, now appears as Rule 59(e), Rules of Civil Procedure 1956.

The act as adopted from the state of Texas provided in substance, that motions for new trial should be made within two days after rendition of judgment, if the term of court should continue so long, if not then, before the end of the term and that such motions should be determined at the term of the court at which the motion was made.

In 1901, § 1479 was amended to read:

"All motions for new trials in arrest of judgment or to set aside a judgment shall be determined at the term of the court at which the motion shall be made, unless continued for good cause."

Our Constitution abolished terms of court and the Legislature at its 1912 regular session again amended this section which appeared in the Arizona Revised Statutes of 1901 as section 1479. As amended it appears in the 1913 R.S.A. as section 591 and reads as follows:

Sec. 591. "All motions for new trial, in arrest of judgment, or to set aside a judgment shall be determined within twenty days after the rendition of judgment, and if not so determined shall be deemed denied, unless continued by order of the court, or by stipulation."

Since promulgated in substance by this court as Rule 59(e).

The Texas courts construed the act we adopted from it to be mandatory and held and still hold, that a motion was discharged by operation of law if not acted upon at the same term. James v. Appel, 192 U.S. 129, 135, 24 S.Ct. 222, 48 L.Ed. 377. To the same effect is Svea Ins. Co. v. McFarland, 7 Ariz. 131, 60 P. 936.

This court in Chenoweth v. Prewett, 17 Ariz. 400, 153 P. 420; Bigler v. Welker, 16 Ariz. 44, 141 P. 124; List v. Wilkinson, 23 Ariz. 262, 203 P. 333, and Mosher v. Wayland, 62 Ariz. 498, 158 P.2d 654, held that the failure to rule upon a motion for a new trial within twenty days after rendition of judgment, had the effect of denying such motion by operation of law unless continued by order of court or by stipulation of the parties.

In the case of E. A. Tovrea & Co. v. Yutich, 24 Ariz. 41, 206 P. 595, we held that the refusal to consider a motion for a new trial is equivalent to a dismissal of the motion, and, in the case of Van Dyke v. Cordova Copper Co., 14 Ariz. 499, 132 P. 94, we held that the dismissing of a motion for a new trial is equivalent to a denial of the motion.

List v. Wilkinson, supra [23 Ariz. 262, 203 P. 334], held that:

" * * * the order of the court, taking the motion for new trial under advisement, was in effect an order of continuance such as is contemplated by the statute, and that the court did not lose jurisdiction to rule thereon thereafter."

In reaching this conclusion it followed Ex parte Doak, 188 Ala. 406, 66 So. 64, 66, which held that an order taking a motion for a new trial under advisement, had the effect of continuing the motion " * * *

*until the court might, during the lawful sitting, attain a conclusion and pronounce judgment thereupon. * * *"* (Emphasis supplied.) After stating that the question involved in the Alabama case was, in its general character, the same as the one being considered, our court then quoted the following language from that case:

"So, the real question in this connection is whether the taking under advisement of the motion to set aside the judgment by default within the thirty-day period *operated a continuance thereof to such time as the court might lawfully act upon it;* whether that action by the court preserved the court's power (subsequently to the expiration of the thirty-day period) to determine the issue presented by the motion." (Emphasis supplied.)

In Bryan v. Inspiration Consol. Copper Co., 27 Ariz. 188, 231 P. 1091, 1094 (on third appeal here), we held that the twenty-two days allowed counsel to file briefs was in effect, a submission by the court of the motion to it for its consideration after the briefs were in. The court said:

" * * * The order, therefore, in addition to submitting the motion for a new trial upon the filing of the briefs, continued it *until such time thereafter as the court could determine the ques-tion involved * * *."* (Emphasis supplied.)

This clearly limited the period of continuance until such time thereafter as the court could determine the question of law involved. The order taking a motion under advisement manifests the fact that the hearing is completed and a continuance is for the sole purpose of deliberation by the court and to enter an order thereon after reaching a conclusion. It was not contemplated that it was to be used for the purpose of further hearings, or for a continuance beyond the time required by the court to become advised in the premises. Therefore, there existed no legal reason for further study or deliberation upon the questions of law presented.

The court said in the Chenoweth case, supra, that the Legislature enacted section 591, supra, (now our Rule 59(e):

" * * * to fix a limit beyond which a hearing thereon could not be had, except by a strict observance of its provisions. During territorial days we had terms of court. In most of the counties they were limited to two terms a year. It was found under that system that the losing party could by filing a motion for a new trial often effect the postponement of the fruits of the judgment for as long as 6 months if the court, for any reason, failed to

act upon the same before the adjournment of the term. * * *"

It is apparent, as expressed by Chief Justice Ross, in the Chenoweth case, that the primary purpose of this law, was to prevent unnecessary delay after judgment is rendered, thus depriving the successful litigant of the fruits of his judgment.

It appears to me therefore, from the language above quoted, that this court in holding that an order of a trial court taking a motion for a new trial under advisement, had the effect of continuing said cause—intended only that the continuance was for the sole purpose of enabling it to fully advise itself concerning the questions of law raised in the motion and not that such motion was deemed to be taken under advisement *indefinitely*. The majority opinion is giving it the latter effect which gives it greater potency than an order of continuance which is required to specify the date to which the continuance is made. In the instant case the effect of the majority opinion is to continue the time for ruling on the motion for new trial for more than two years. We presume, if this court had not reached the case for six to ten years, their holding would be the same.

Such an interpretation is inconceivable to me, especially in light of the fact that the plain purpose of its enactment was to prevent unnecessary delay in litigation after judgment, and, in the light of Rule 77(j), Rules of Civil Procedure 1956, which provides that every matter submitted for determination to a judge of the Superior Court for his decision, shall be determined and ruling made thereon within sixty days from submission thereof.

It is my position, (although I confess I did not state it too clearly in the original opinion in this case) that when the trial judge in the instant case, granted defendant's motion for judgment n. o. v. and stated in substance, if he had not granted the motion for judgment n. o. v. he would have granted the motion for a new trial upon the ground of misconduct of plaintiff's attorney, that this clearly showed he had considered the legal grounds upon which the motion for a new trial was based and was then and there prepared to rule upon the motion as a matter of law. His statement from the bench therefore, must be construed either (1) as a denial of the motion for a new trial, (2) a refusal to rule thereon which this court has held to be equivalent to a denial thereof, (See E. A. Tovrea & Co. v. Yutich; Van Dyke v. Cordova Copper Co., supra) (3) that the motion was then and there denied by operation of law because of the failure of the court to rule upon it.

194

As heretofore shown, it seems clear to me that the decisions of this court above-mentioned, unmistakably show that "taking a motion for a new trial under advisement" operates only to continue it to such time as the court has prepared itself to correctly rule upon the questions of law presented. When it reaches that conclusion, it is its bounden duty to rule thereon, and by failing to discharge its duty, cannot under any stretch of the imagination, be distorted into an order for an *indefinite continuance*. This is a dangerous precedent to establish. " 'Rehearings, new trials, are not essential to due process of law, either in judicial or administrative proceedings.' " James v. Appel, supra [192 U.S. 129, 24 S.Ct. 224].

Unless we ignore the plain language of these decisions we are compelled to conclude that the motion for a new trial in this case died on July 20, 1954 (when the court failed to definitely rule thereon), either at the hands of the court or by operation of law, and in either event, this court is without power to restore it to life.

I agree, without reservation, that if we did not have Rule 59(e), having adopted the Federal Rules of Civil Procedure, 28 U.S.C.A., we would necessarily follow the Federal court's rule with respect to new trials, but, it is my position that since we have Rule 59(e), we can neither ignore the rule nor its plain intendment that the suc-

cessful litigant may not be deprived of the fruits of his judgment by unwarranted delay, such as has resulted in this case and will inevitably result from the rule laid down by the majority opinion.

The rehearing should have been denied.