[Civil No. 2241. Filed March 27, 1925.]

[233 Pac. 1050.]

## JAMES W. LESUEUR, Appellant, v. J. BACK-STEIN, Appellee.

APPEAL AND ERROR—TRANSCRIPT TO BE PART OF RECORD MUST BE FILED IN TIME.—If statement of facts or transcript of reporter's notes is not filed within sixty days from order denying new trial, and there is no stipulation between parties or order of court seasonably made extending time for that purpose, transcript is not part of record.

See 4 *C. J.,* p. 467, n. 68, p. 469, n. 6.

APPEAL from a judgment of the Superior Court of the County of Maricopa. F. C. Struckmeyer, Judge. Affirmed.

Messrs. Jenckes & Dykes, for Appellant.

Mr. Henderson Stockton and Mr. Earl F. Drake, for Appellee.

LOCKWOOD, J. — James W. Lesueur, hereinafter called plaintiff, brought suit against J. Backstein, hereinafter called defendant, alleging that he, plaintiff, was the accommodation maker on two promissory notes made by both parties for the accommodation of defendant; that he had been required to pay them for the party accommodated, and was therefore entitled to recover thereon in place of the payee named in the notes, to whom payment had been made by him. He alleged that defendant had filed a petition in bankruptcy after the notes were made, but that the latter made a new promise to pay them after such petition. Defendant admitted making the two notes, but denied they were for his accommodation, and, on the con-

trary, claimed that he was the accommodation, maker, and plaintiff was the party accommodated. He also denied having made a new promise to pay the notes after filing his petition in bankruptcy as aforesaid.

The case was tried to a jury, and the trial court submitted to the jury two issues: First, as to who was the party accommodated by the note; and second, as to whether defendant, if he was the party accommodated, made a new promise after his petition in bankruptcy. The jury returned a verdict in favor of defendant. Judgment was duly entered on the verdict on March 26th, and a motion for new trial made, which was denied on the sixth day of April, 1923.

No further proceedings were taken, so far as the record shows, until July 10, 1923, when the following order was made by the trial court:

"An order having heretofore been entered herein on a date prior, namely May 12, 1923, to the expiration of the time in which to file a reporter's transcript, but through inadvertence, such order does not appear of record or in the minutes herein, it is ordered by the court that the time within which to file reporter's transcript, be and the same is hereby extended 90 days, and in view of the premises, this order is entered *nunc pro tunc* as to May 12, 1923."

Nothing further appears in the record until September 26th, when the following minute entry was made:

"It is ordered by the court that the time in which to file reporter's transcript be and the same is hereby extended 90 days from July 24, 1923, and it is further ordered by the court that this order be and the same is hereby entered *nunc pro tunc* as of July 24, 1923."

On the same . date plaintiff appealed from the judgment rendered March 26th. On October 29th the court struck from the minute entry of September 26th, the words, "And it is further ordered by the court that this order be and the same is hereby entered *nunc pro tunc* as of July 24th, 1923," as having been inadvertently made. The reporter's transcript was thereafter prepared and filed, and the record transmitted to this court. Upon motion the transcript of the reporter's notes was ordered stricken in this court on the ground that it had not been filed within the time required by statute.

The errors assigned by plaintiff, it is conceded by him, cannot be shown without the transcript of the reporter's notes, and he also admits that if this court adheres to its ruling on the motion to strike said transcript, the judgment must necessarily be affirmed. He argues most strenuously and eloquently that plaintiff, in the interest of justice, should be permitted to show the many, and as he claims, manifest, errors committed by the trial court, and that, if we refuse to allow the reporter's notes to remain in the record, it will be in effect a denial of justice to his client. He admits that this court has twice held that if a statement of facts or transcript of the reporter's notes is not filed within sixty days from the time of the order denying the motion for a new trial, and there is no stipulation between the parties, or an order of the court seasonably made allowing an extension of time for that purpose, the transcript is not a part of the record. *Southern Pac. Co.* v. *Pender*, 14 Ariz. 573, 134 Pac. 289; *Bigler* v. *Welker*, 16 Ariz. 44, 141 Pac. 124. But he argues that, in view of various decisions in other states on similar statutes, to the effect that the trial court may, in

its discretion, extend the time to file the notes, we should reverse our previous ruling to bring ourselves in harmony with these states.

We have examined with care the brief of plaintiff, and also the authorities cited by him, but we feel that we should not disturb our well-established rule in this particular. Whenever the reporter's transcript is not filed in the statutory time, and no stipulation or order of the court is properly made extending the time, it must necessarily mean either that the party was negligent in prosecuting his appeal, or that he had no reasonable ground to ask for the extension, for it is not to be assumed that any court would refuse to grant such extension, if there were reasonable grounds therefor and due diligence in presenting them to the trial court.

We are of the opinion that, as a general rule, a greater injustice would be done by relaxing our rule already laid down than by affirming it. Since, under the admissions of counsel for plaintiff, made in open court on oral argument, in the absence of the reporter's transcript, the judgment must necessarily be affirmed, it is so ordered.

Judgment affirmed.

McALISTER, C. J., and ROSS, J., concur.