[Civil No. 3306. Filed October 2, 1933.]

[25 Pac. (2d) 1024.]

DOUGLAS LAUNDRY AND DRY CLEANING COMPANY, a Corporation, Appellant, v. C. A. LAMB and THERESA LAMB, Appellees.

Mr. J. H. White, for Appellant.

Mr. W. G. Gilmore, for Appellees.

LOCKWOOD, J.—This is an appeal from the superior court of Cochise county in which it is very difficult for us to determine from the record properly before us from just what the appeal was taken. Paragraphs 1 and 12 of rule IV of the rules of this court read in part as follows:

"1. In any civil cause brought to this Court on appeal the appellant must file in this Court, within thirty days after the mailing by the Clerk of the Supreme Court of the statutory notice required by section 1473, Revised Code of Arizona 1928, four copies of an abstract of said record, which shall contain: (Stating required contents.) Such other portions of the record as may be necessary to a consideration of the causes to be presented." . . .

"12. The abstract of record as filed, together with the copy of the reporter's transcript of the evidence, if such be made a part of the record, will be treated by the .Court as containing such portions of the record as the parties deem sufficient upon which to try the assignments of error."

The reporter's transcript of evidence found among our files was stricken from the record on the ground that it was not filed within the time required by statute. *Lesueur* v. *Backstein,* 27 Ariz. 566, 233 Pac. 1050. There is nothing in the abstract itself from which we can determine from what this appeal was taken. No copy of the minute entries of the trial court appears therein, although one was filed separately as a part of the record. The only references in the minute entries which would aid us on this question read as follows:

" . . . The Court considered the motion of the garnishee defendant, County of Cochise, to set aside the judgment heretofore entered against it on the 14th day of May, 1932, and ordered that said motion be granted. The Court then considered the motion

of the plaintiffs to strike the answer of the defendant and the demurrer thereto, and ordered that said motion be denied and the demurrer overruled. The Court further ordered that the Writ of Garnishment issued herein on the 22nd day of March, 1932, directed to the County of Cochise be quashed and the said Garnishee Defendant discharged herein; and that upon the presentation by the plaintiffs of a formal, written judgment and its approval and signing by the Court, judgment will be rendered in favor of the plaintiffs and against the garnishee defendant, Cochise county, for the amount of $232.03, as set forth in the answer of said garnishee defendant filed herein on the 28th day of April, 1932. The garnishee defendant then called Ether Haynie who was duly sworn and counsel for plaintiff objected to said witness testifying and the Court sustained the objection. Dan S. Kitchel was then called and sworn and counsel for the plaintiff objected to the witness testifying and the Court sustained the objection. The garnishee defendant then called W. E. Clark who was duly sworn and counsel for the plaintiff objected to the witness testifying and the Court sustained the objection. Counsel for the garnishee defendant offered documentary evidence, counsel for the plaintiffs objected to the proffer and the Court ordered that such evidence be rejected. The garnishee defendant then called Leo N. Huish who was duly sworn and counsel for the plaintiff objected to the witness testifying and the Court sustained the objection. Documentary evidence in the form of a note and mortgage was offered, to which proffer counsel for the plaintiffs objected and the Court ordered that the evidence be rejected. Counsel for the garnishee defendant gave oral notice of appeal to the Supreme Court of the State of Arizona, from the ruling of the Court herein and from the whole thereof.''

It will be seen upon examining this that the appeal was taken ''from the ruling of the court herein and from the whole thereof.''

The only rulings from which the garnishee defendant could conceivably have desired to appeal are

as follows: (a) That upon the presentation of a proper written judgment at some later date judgment would then be rendered against the garnishee defendant; (b) that the court sustained objections to the introduction of certain oral and documentary evidence offered by the garnishee defendants. The ruling set forth above in (a) is, of course, merely an interlocutory order, and one from which no appeal is granted by the statute. Section 3659, Rev. Code 1928; *Moulton* v. *Smith*, 23 Ariz. 319, 203 Pac. 562. This brings us to (b), and judging from the assignment of errors and argument made in appellant's brief it is of this that the real complaint is made. The minute entries and record do not show why the court sustained the objections, and in the absence of the reporter's transcript we are, of course, unable to determine whether the rulings were correct or not. Such being the case, we are obliged to assume that the action of the trial court was justified. For the foregoing reasons, the judgment of the superior court of Cochise county is affirmed.

ROSS, C. J., and McALISTER, J., concur.