[Civil No. 1304. Filed June 28, 1913.]

[134 Pac. 289.]

SOUTHERN PACIFIC COMPANY, a Corporation, Plaintiff in Error, v. JAMES PENDER, Defendant in Error.

1. APPEAL AND ERROR—REVIEW—TRANSCRIPT NOT FILED IN TIME.— Where the reporter's transcript was not filed within sixty days after a motion for new trial was overruled, an order thereafter entered extending the time is unavailing for that purpose, and the transcript will not become a part of the record.

2. MOTIONS—ORDER "NUNC PRO TUNC"—NATURE.—The office of a *nunc pro tunc* entry is not to make an order now for then, but to enter, now for then, an order previously made.

3. RAILROADS—CROSSING ACCIDENT—COMPLAINT.—In view of constitution, article 6, section 22, prohibiting reversals for technical error, where substantial justice has been done, and Civil Code of 1901, paragraphs 1277, 1293, providing that the complaint shall be a concise statement of the facts constituting the cause of action, and requiring defects in the pleadings to be disregarded where not affecting substantial rights, a complaint for injuries to plaintiff's team caused by making a flying-switch over a street crossing *held* to state a cause of action against the railroad company.

4. PLEADING — COMPLAINT — GENERAL DEMURRER.—Although the sufficiency of a complaint which undertakes to define the particular negligence which caused the injury must be tested by the special allegation in that respect, a complaint stating a cause of action as to a certain failure of duty by defendant will not necessarily be held bad on general demurrer because it attempts, but fails, to state other failures of duty on the part of the defendant.

5. PLEADING—COMPLAINT—GENERAL DEMURRER.—A general demurrer does not lie to a portion of the statement of the cause of action.

WRIT OF ERROR from the Superior Court of the County of Yuma.  J. E. O'Connor, Judge.  Affirmed.

The facts are stated in the opinion.

Mr. Frank Cox and Mr. Francis M. Hartman, for Plaintiff in Error.

Mr. Thos. D. Molloy, for Defendant in Error.

FRANKLIN, C. J.—James Pender, as plaintiff in the court below, prosecuted this action against the Southern Pacific Company, a corporation, defendant, to recover damages for negligent injury to his property.  The plaintiff was successful, and from a judgment in his favor and the order denying defendant's motion for a new trial the case is brought here on writ of error.  The order denying the motion for a new trial was entered June 11, 1912.

This case was formerly before this court on appeal, and on motion of James Pender, the appellee, the appellant confessing the right to a dismissal, the appeal was dismissed, but without prejudice, for the reason that the court acquired no jurisdiction thereof, the bond on appeal not having been filed within the statutory time.  The defendant in error now moves to dismiss the writ of error because of that appeal, but the

matter presented is similar to that before us in the case of
*Little Butte Consolidated Mines Co.* v. *Girand, ante,* p. 9, 123
Pac. 309, and on the authority thereof the motion to dismiss
the writ of error is denied. Defendant in error moves to
strike the abstract of record and the brief of plaintiff in error
because they do not comply with the rules of this court. The
matters complained of are in substantial compliance with our
rules, and the motion is denied.

No statement of facts or transcript of the reporter's notes
was filed within sixty days from the time of the order denying
the motion for a new trial, nor was there any stipulation be-
tween the parties or order of the court in the case allowing
an extension of time for that purpose. The plaintiff in error
seeks to excuse its failure to file the reporter's transcript on
account of inadvertence and oversight, and because the judge
of the trial court made an order at chambers on January 14,
1913, long after the time had expired, extending the time to
file the reporter's transcript and relieving plaintiff in error
from its default. The order of the judge must be held for
naught, because it was not made within the period of time
allowed by law to file the statement of facts or reporter's
transcript, but after the default had occurred. It does not
purport to be an order *nunc pro tunc.*

The office of a *nunc pro tunc* entry is not to make an order
now for then, but to enter now for then an order previously
made. *Klein* v. *Southern Pac. Co.* (C. C.), 140 Fed. 213;
*Lombard* v. *Wade,* 37 Or. 426, 61 Pac. 856. It follows, there-
fore, that the statement of facts or reporter's transcript is
not a part of the record.

The state of the record presents but the one remaining ques-
tion: Is the complaint sufficient to withstand an attack by
general demurrer? So far as material to consider this ques-
tion, it is as follows: "(2) That on the 14th day of May, A. D.
1910, plaintiff was traveling with due care in a buggy drawn
by two horses with harness along Third street, in the said
town of Yuma (which said street is and was on said day a
public thoroughfare and highway in a populous town, and is,
and was on said day, much frequented and traveled over by
the traveling public, and along which people are, and were on
said day, and for a long time prior thereto, accustomed to
travel in great numbers), which said street crosses said rail-

road at the intersection of Madison avenue in said town of Yuma; and as plaintiff reached and was, in the diligent exercise of due care and prudence, attempting to drive across said public crossing, at about 3:00 o'clock P. M. on said day, with said horses and buggy, the defendant, acting through its agents, employees and trainmen (whose names are unknown to this plaintiff), did wantonly, unlawfully and in a grossly negligent manner, 'kick,' or shunt and run by means of what· is commonly known as a 'flying-switch,' made by one of its locomotives operated by said trainmen, a train of cars across said highway at said crossing at a great and grossly negligent rate of speed, and without warning of any kind whatsoever, so that by reason, and because of said wanton, unlawful and grossly negligent 'kicking,' shunting and running of said train of cars, the said train of cars struck the horses which plaintiff was driving, and so hurt, wounded, maimed and bruised said horses, and so permanently injured them, as to entirely destroy their usefulness and render them absolutely and entirely valueless, and utterly destroyed said harness and buggy, all to plaintiff's great damage.

"(3) That plaintiff is and was, the owner of said horses, harness and buggy; and at the time of said collision the same were worth the sum of $800; but that at this time they have no value whatsoever, which condition has existed ever since said collision, and is permanent; all because of defendant's negligent acts hereinbefore set out.

"(4) That at said Third street crossing in said town of Yuma the defendant had, for a long time prior to May 14, 1910, kept and maintained a watchman, or flagman, whose duty it was to warn or flag all persons crossing, or about to cross, said railroad at said crossing, of the movements of locomotives and trains of defendant on said railroad at said crossing, so as to avoid and avert collisions and injury; and said flagman has been kept at said crossing discharging said duty, for a great length of time, until all the public, including plaintiff, had come to rely upon his signaling and warning them in the event of it being dangerous to cross, or attempt to cross, said railroad at said crossing; that on said day, and at the time of said collision, the said flagman was on duty, but he negligently failed to give any warning to plaintiff of the coming or movement of said 'kicked' and flying-switched

train of cars, and negligently permitted plaintiff to drive onto said crossing, and said horses and buggy were injured and destroyed as aforesaid. The plaintiff for a long time prior to May 14, 1910, had used said crossing in traveling to and from his place of residence and the said town of Yuma, and had known of the keeping of said flagman at said crossing during all of said time, and come to rely upon said flagman performing his said duty; and on said day and immediately prior to said collision plaintiff saw and observed said flagman, and, among other acts of care and prudence on the part of plaintiff, he looked to see if the flagman were giving, or attempting to give, any signal or warning of danger of the oncoming or movement of said train of cars, and, the said flagman giving none such (although said flagman was much more advantageously situated and placed to see and be apprised of the impending danger and oncoming and moving cars, than plaintiff), he, plaintiff, relying upon said flagman giving such warning if there were danger, and being misled by said flagman's negligent acts, drove onto said crossing and said collision occurred as aforesaid.

"(5) That by defendant's negligent acts aforesaid plaintiff has been damaged in the sum of $800."

The pleadings shall consist of a concise statement of the facts constituting the plaintiff's cause of action, or the defendant's ground of defense. Par. 1277, Rev. Stats. Ariz. 1901.

The court shall in every stage of an action disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the parties, and no judgment shall be reversed by reason of such error or defect. Par. 1293, Rev. Stats. Ariz. 1901.

No cause shall be reversed for technical error in pleading or proceedings when upon the whole case it shall appear that substantial justice has been done. Art. 6, sec. 22, Const. Ariz.

Read in the light of these provisions of the statute and constitution of the state, we think the complaint states facts sufficient to constitute a cause of action. While it is not fashioned with rugged clearness and a thrift of words, and may perhaps be amenable to a motion to make more definite and certain, or to strike therefrom uncertain matter, yet by digging

in the sweat of one's brow and sifting we may discover a thread of silver. Well riddled and smelted down the complaint, in paragraph 2, alleges a failure of duty on the part of the defendant in the making at a rapid speed and without warning of a "flying-switch" across a highway crossing in a populous part of the town of Yuma, and a resultant damage to the plaintiff by reason thereof. The allegations of fact contained in this paragraph, if sustained by the evidence, present a question for the jury under all the circumstances of the case, and we think they are sufficient to withstand an attack by a general demurrer. Shearman & Redfield on Negligence, 6th ed., secs. 408, 461; Thompson on Negligence, 2d ed., sec. 1695; Elliott on Roads and Streets, 3d ed., sec. 1030.

It is true that the sufficiency of a complaint which undertakes to define the particular negligence which caused the injury must be tested by the special allegation in that respect, but it does not follow that a complaint stating a cause of action as to certain failures of duty on the part of defendant will be held bad on general demurrer, because it attempts but fails to state other failures of duty on the part of the defendant. Thompson on Negligence, 2d ed., sec. 7453.

The general demurrer does not lie to a portion of the statement of the cause of action.

The other errors assigned involve a consideration of the reporter's transcript which is not before us.

The judgment of the lower court is affirmed.

ROSS, J., concurs.

CUNNINGHAM, J., Concurring.—Plaintiff in error contends that the complaint is not sufficient to entitle the plaintiff in the court below to recover, for two reasons: First, because facts sufficient to constitute a cause of action are not stated in the complaint; and, second, because the facts stated in the complaint do not constitute a cause of action for negligence, for the reason it appears upon the face of the complaint from the facts stated that, if injury resulted to plaintiff from any negligence of defendant, the plaintiff contributed to such negligence, and cannot recover. This contention raises but the one question, viz., whether the facts stated in the complaint are sufficient to constitute a cause of action, and I think requires this court to notice both reasons urged by plaintiff

in error. The first ground, or reason, is particularly noticed in the opinion of the majority of the court, and the decision is principally based thereon. I concur in the result reached, but I think the most important question for decision is raised by the second objection to the complaint. The second objection, that the complaint on its face states facts showing that the plaintiff is guilty of contributory negligence, contemplates that a cause of action for negligence is in fact stated in the complaint, but too much is stated so that the effect of the facts constituting a cause of action is neutralized by the additional facts stated. This objection undoubtedly raises the question whether the complaint states facts sufficient to constitute a cause of action, and a solution of the question requires a construction of the language of the complaint from a viewpoint of the objection.

In *Burns* v. *Southern Ry. Co.*, 65 S. C. 229, 43 S. E. 679, it is said in substance, when other inferences may be deduced from all the facts alleged in the complaint than that the injury was caused by the negligence of the plaintiff, the demurrer should properly be overruled.

In principle the same rule was applied in *Santa Fe etc. Ry. Co.* v. *Hurley,* 4 Ariz. 258, 36 Pac. 216, and, if applied to this complaint, the contention of plaintiff in error is without merit. Certainly other inferences may properly be drawn from all the facts alleged in this complaint than that the injury was caused by the negligence of the plaintiff. The demurrer was properly overruled.

I concur in all the other questions examined and decided by the CHIEF JUSTICE, and concur in the result reached by him on this question of pleading.

Application for rehearing denied.

---

NOTE.—As to the effect of a *nunc pro tunc* entry of judgment or order, see note in 4 Am. St. Rep. 883.