[Civil No. 1353. Filed May 27, 1914.]

[141 Pac. 124.]

JOSEPH BIGLER, CLARENCE M. BIGLER, WILLIAM BIGLER, WILLIAM C. ROBINSON, URILDA ROBINSON, ROBERT CLUFF and ALICE CLUFF, Plaintiffs in Error, v. JAMES R. WELKER, FRANK N. TYLER and WILLIAM A. MOODY, Defendants in Error.

1. NEW TRIAL—MOTION—DENIAL—STATUTORY PROVISIONS.—A motion for new trial not determined within twenty days after filing thereof nor continued by order of court or by stipulation of the parties is, under Civil Code of 1913, paragraph 591, deemed denied.

2. APPEAL AND ERROR—TRANSCRIPT OF REPORTER'S NOTES—TIME TO FILE—EXTENSION OF TIME—STATUTORY PROVISIONS.—Under Civil

Code of 1913, paragraph 609, providing for the incorporation into the record of the transcript of the reporter's notes within sixty days after judgment or order denying new trial or within additional time allowed by the court by order, and order extending the time for filing the transcript must be made within the time allowed by law, and a transcript within the time fixed by an order thereafter made cannot be considered as a part of the record.

3. APPEAL AND ERROR—QUESTIONS REVIEWABLE—EVIDENCE—MERITS OF CONTROVERSY.—The court on writ of error cannot consider the merits unless it has all the evidence before it, and the mere fact that the record contains a small part of the evidence, consisting of papers marked as exhibits, is insufficient to justify a review.

4. APPEAL AND ERROR—RECORD PROPER—REVIEW.—Where the record on writ of error consists only of the pleadings and judgment and they disclose no fundamental error, the judgment must be affirmed.

5. WATERS AND WATERCOURSES—RIGHT OF APPROPRIATION—PLEADINGS—OBJECTIONS.—The defect, if any, in a complaint to adjudicate water rights and the priorities of the parties arising from the fact that it does not show that plaintiff is an inhabitant of the state, cannot be reached by general demurrer, though it be assumed that under Civil Code of 1913, paragraph 5346, only inhabitants of the state are entitled to appropriate water.

WRIT OF ERROR from the Superior Court of the County of Graham. G. W. Shute, Judge. Affirmed.

The facts are stated in the opinion.

Mr. John McGowan, for Plaintiffs in Error.

Mr. George H. Crosby, Jr., and Mr. W. R. Chambers, for Defendants in Error.

ROSS, J.—The defendants in error were the plaintiffs in the trial court, and, in addition to the above-named plaintiffs in error, J. H. Root, Phil C. Merrill, Sheriff S. Marshall, Glen Root, David W. Cluff, Alfred M. Cluff, David Johnson, Kate Martin, John D. Goodman, William A. Clark, H. W. Heinan, William Williams, Joseph H. Lines, George W. Williams, Jr., and Nancy Cluff were defendants in the trial court. The complaint asked the court to adjudicate the respective rights and priorities of the plaintiffs and defendants as against one another to the use of the waters of Ash creek, situate in Graham county, for irrigation and for domestic and stock uses

and to enjoin the defendants from interfering with plaintiff's use of such waters. Sheriff S. Marshall, David Johnson, Kate Martin, H. W. Heinan, William Williams, Joseph H. Lines and Geo. W. Williams made no appearance, and judgment was taken against them by default. The other defendants answered setting forth their claims to certain of the waters of said creek for irrigation, domestic and stock purposes. The case was tried before the court without a jury, and on June 18, 1912, judgment was entered adjudicating the respective priorities and rights of the plaintiffs and the defendants who filed answers.

Within the time allowed by law a motion for a new trial was made. No formal ruling was had on this motion; but, by operation of law, it was denied twenty days after it was filed, the hearing thereon not having been continued by order of the court or by stipulation of the parties (section 591, Civil Code 1913) on or before July 8, 1912.

By the provisions of subdivision 3, section 15, chapter 74, Laws of 1907, carried forward so far as material into the Civil Code of 1913 as section 609, the transcript of the reporter's notes may be incorporated into the record by filing it with the clerk of the court and serving notice thereof upon the opposite party or his attorney within sixty days after the entry of judgment or order denying a motion for new trial, or order granting or denying a motion in arrest of or to set aside a judgment, or within such additional or less time as may be stipulated between the parties or within such additional time as may be allowed by the court or judge by an order in the case.

There was no stipulation extending the time to file transcript. On September 3, 1913, an order was entered extending the time until October 1, 1913. This was more than a year from the time judgment was entered and motion for new trial denied. In *Southern Pacific Co.* v. *Pender,* 14 Ariz. 573, 134 Pac. 289, it was said that such an order "must be held for naught, because it was not made within the period of time allowed by law to file the statement of facts or reporter's transcript." If the transcript of the reporter's notes is rejected, there is no evidence in the record that may be considered. Among the files of the case are a number of papers marked as exhibits, and plaintiffs in error insist that

they are properly a part of the record on appeal; but, if that be granted, still they are only a small part of the evidence used on the trial. The court should have before it all the evidence, and not fragments of it—if it is to decide the case on its merits. *Wooster* v. *Scorse, ante,* p. 11, 140 Pac. 819, just decided. The record, then, before us for consideration, consists of the complaint, the answers and cross-complaints and the judgment.

It has been repeatedly held by the predecessor of this court and by this court that, if the pleadings and the judgment disclose no fundamental error, they constituting the record on appeal, there is nothing to do but affirm the judgment. Only one of the defendants filed a general demurrer to the complaint. It is argued that the demurrer should have been sustained for the reason that the complaint failed to allege that plaintiffs were "inhabitants" of the state, and section 5346, Civil Code of 1913, is cited as decisive of that point. Without entering into a discussion of the meaning to be given the word "inhabitant," as therein used, it is sufficient to say that it does not appear from the complaint that plaintiffs were not inhabitants of this state. If it is essential to a valid appropriation of water in Arizona that the appropriator be an inhabitant therein, and the plaintiffs, or any of them, lacked that qualification, we conclude that it could not be reached by general demurrer. No fundamental error appearing in the record of the case, no reason exists for disturbing the judgment of the trial court.

But had the evidence been properly preserved in the record, we suggest, without deciding, that it is very doubtful if the writ of error proceeding could be entertained for the reason that only a part of the parties to the judgment are made parties here. There were some six or seven parties whose rights and priorities were adjudicated and settled in the judgment who are not made parties here. The judgment adjudicates some eighteen different rights to the waters of Ash creek with reference to priority and quantity. The facts in this case would seem to distinguish it from *Egan* v. *Estrada,* 6 Ariz. 248, 56 Pac. 721, for, as said in that case, "the judgment sought in this case to be corrected is a judgment between plaintiffs and the defendant Estrada alone, as to the priority of right to the use of water." In other words, all the parties

interested in the judgment as rendered were made parties to the proceedings in the appellate court. In the present case that is not so, for the respective priorities of some six or seven defendants below were adjudicated and they are not made parties here.

Judgment affirmed.

FRANKLIN, C. J., concurs.

CUNNINGHAM, J.—I concur in the order affirming the judgment by reason of the provisions of paragraph 1268, Civil Code of Arizona of 1913, providing that "the supreme court may affirm, reverse, or modify any judgment or order . . . " before it, and no express statutory authority appearing by which this court is authorized to dismiss a cause properly before it for review on account of defect of parties or any other defect. I do not agree, however, that the exhibits in the files are no part of the record. The statute (chapter 21, title 6, paragraph 602, Civil Code of Arizona of 1913) expressly makes all documents and other objects filed in the case a part of the record.

A careful examination of the record discloses no reversible error. Hence I concur in the order.