[Civil No. 3334.   Filed February 11, 1935.]

[40 Pac. (2d) 976.]

ROBERT RAE, Appellant, v. THE BRUNSWICK TIRE CORPORATION, a Corporation, Appellee.

Messrs. Sloan, McKesson & Scott and Messrs. Moeur & Moeur, for Appellant.

Mr. Fred Blair Townsend, Mr. C. A. Edwards and Mr. Charles B. Ward, for Appellee.

McALISTER, J.—This is an appeal by Robert Rae from an order of the superior court of Maricopa county entered on October 22, 1932, "directing the correcting and amplifying of the Clerk's minute record of Sept. 7th, 1932, to show that motion was made by C. A. Edwards, counsel for plaintiff, in open court

for an order dismissing the said cause without prejudice.''

The Brunswick Tire Corporation brought an action against Robert Rae and three other defendants in January, 1932, and it was set for trial before a jury for September 7th, following, but upon the opening of court that morning the plaintiff, through one of its attorneys, Mr. C. A. Edwards, requested orally that it be dismissed and the court, after inquiring of him if there was any affirmative relief prayed for and making some suggestion relative to the payment of the jury fee, told him to return at 1:30 with counsel for the defendants. At that time both sides appeared, through their attorneys, and the defendants filed an amended answer asking for affirmative relief, whereupon plaintiff's counsel stated that a request for a dismissal had already been made, and the court at the conclusion of the argument upon the question, whether the plaintiff had a right to dismiss under the pleadings as they then stood, took the motion under advisement until 1:30 P. M., the following day, September 8th. At that time the attorneys for both sides were again present and the plaintiff requested an order *nunc pro tunc* directing the clerk to enter the request of plaintiff for a dismissal of the case as of 10:00 A. M. September 7, 1932, and after argument, the request was granted, the following order being entered:

"It is ordered, motion granted *nunc pro tunc* as of 10:00 A. M., September 7, 1932, authorizing and directing the Clerk to permit the Plaintiff to dismiss from the docket.

"It is further ordered for judgment against Plaintiff in favor of the County of Maricopa in the sum of $54.00 for Jury fees.''

It appears from the minutes that a week later, or on September 16th, the court made an order direct-

ing the clerk to correct this entry, and the language used to accomplish it was merely a repetition of that just quoted. The reason for requesting or making a second order, identical in meaning with the first, however, does not appear, though it will be observed that each of these entries directs the clerk to permit the plaintiff to dismiss the case from the docket, but that neither of them includes the language, "without prejudice," and because of this failure the plaintiff, claiming that neither they nor the entry of the afternoon of September 7th, taking the motion under advisement, properly designates the motion or request made on the forenoon of September 7th, filed its motion on October 13th requesting an order correcting the minutes of September 7th in such a way as to do this. It was heard on October 22d and from an order granting it, the defendant, Robert Rae, appeals.

Two errors are assigned, the first being that the minute entry of September 7th was correct and no evidence was introduced justifying its modification, and the second, that the cause having been dismissed on September 7th and no order setting this dismissal aside having been theretofore made, the court was without jurisdiction to modify or change the minute entry.

▮▮ It is, of course, true that the minutes of a court are presumed to state accurately what action is taken relative to the matters concerning which they speak and for this reason one is justified in relying on them as correct. But it is equally true that, due to oversight, misunderstanding or other cause, they sometimes do not do this, and when such is the case it is not merely the right but the duty of the court, when the matter is called to its attention, to order them modified or changed in such manner that they do speak truthfully.

This being true, the minutes of the 7th of September, relative to the motion to dismiss, should have been corrected in such a way as to show that it included the words, ''without prejudice,'' provided this expression was in fact a part of the motion as made by the plaintiff that morning, and for the purpose of showing that they were included in that motion and that the entry of September 7th was not correct, appellee placed Mr. Edwards on the stand. He testified that when he made the request the court asked him about affirmative relief, mentioned the matter of a jury fee, told him to return at 1:30 with counsel for the defendants and to give his data regarding the dismissal to the clerk; that he gave this information to that officer and then turned to go out, but as he started, Fred Ferguson, the deputy taking the minutes at that time, asked him if the case was to be dismissed with or without prejudice and he replied, ''Without prejudice''; that the clerk then wrote across the face of his memorandum the words ''dismissed without prejudice''; that when they came into court at 1:30, Fred Ferguson was not present and the book containing this memorandum could not be found.

The testimony of Fred Ferguson regarding the occurrences that forenoon was substantially the same, though the minute sheets upon which he kept that morning's proceedings and which he turned in to the office of the clerk to be copied in the permanent minute records of the court, contains no reference whatever to the motion. It is this omission, together with the fact that the words, ''without prejudice,'' do not appear in the minutes of the afternoon of September 7th, or in those of the 8th or 16th, in connection with the motion to dismiss, that the defendant bases its position that they were not included in

the motion and that the minutes as written on each of these days spoke the truth.

However, neither the failure to mention the motion itself in the proceedings of the forenoon of September 7th, nor the absence of the words, ''without prejudice,'' from any of the minutes subsequent thereto was conclusive as to the correctness of these entries. The court doubtless felt that the motion was not mentioned in the minutes of that morning's proceedings because no order, other than one continuing it to 1:30 that day, was actually made at that time and the clerk likely intended to make an entry covering it that afternoon when the attorneys for both sides were to appear and argue it and an order would be made disposing of it. That this was the purpose of the clerk is indicated by the fact that he wrote the words, ''dismissed without prejudice,'' across the title of the case in a book called, ''Daily Reminder 1932,'' in which he kept a calendar of the matters to be heard each day and made notations at times of the action of the court concerning them. In fact, the clerk himself testified that this language would have shown in the minutes of that afternoon had he been the acting clerk at that time, because he would have taken his information on this matter from his memorandum, but the clerk who was acting in his absence knew nothing of this, for the book in which a note of it had been made for his own convenience and guidance could not be found.

He was present the following afternoon, however, when the motion for an order *nunc pro tunc* as of 10:00 A. M., September 7th was argued and granted, and he did not in the minutes of that hearing refer to the motion to dismiss as one ''without prejudice,'' but this was likewise not conclusive that this language was not used. He may have entirely overlooked it or thought it had been taken care of in the

minutes of the deputy taking his place the day before and that it was not necessary to use this language again. There seems to have been nothing said on September 7th at 1:30, or the next afternoon, that would have advised the clerk just how the motion to dismiss was worded, for the matters discussed at the first hearing were whether the answer filed at that time asked for affirmative relief, the right of the defendant to file an amended answer seeking such relief after a motion to dismiss had been made, and the jury fee; while that before the court the following afternoon was the propriety of granting the motion *nunc pro tunc* as of 10:00 A. M., the day before, directing the clerk to permit the plaintiff to dismiss from the docket. Whether the motion was merely to dismiss, or to dismiss with or without prejudice, seems not to have been raised or considered, though one of the attorneys for the defendants used the expression "with prejudice" while discussing it and counsel for plaintiff promptly remarked, "No, without prejudice." No other reference to it was made at any of the hearings subsequent to the making of the request at 10:00 A. M., September 7th.

The court, we think, was justified under the record in ordering the minutes corrected as prayed for. The testimony of Mr. Edwards and the deputy clerk, Fred Ferguson, shows conclusively that the motion was to dismiss without prejudice. The fact that these words were not used in the request as made first to the court but formed a part of the data which, in obedience to the court's order, Mr. Edwards gave the clerk who placed a memorandum of it in his Daily Reminder, does not mean that the motion as it stood when completed did not contain them. They were, under these circumstances, as much a part of the motion as though they had been

included in the original request. But if this were not true, the whole transaction took place in open court and in announcing the conclusion reached, the judge made use of this language in referring to the memorandum of the clerk: "I think the record of this shows there is no attempt to alter or change the order. I think the order ought to show clearly what was done, and it does do that. I know that from my own independent recollection that it does. On top of that, the clerk has said what the motion was, and the clerk kept a record of the motion." If nothing further had been shown the judge's independent recollection of what took place was all that was required to make it the duty of the court to order the correction. "A court," to use the language of 15 C. J. 976, paragraph 395, "is the exclusive judge of the necessity and propriety of an amendment of its record and of the sufficiency of the proof offered in support thereof."

■■ The fact that the case had been dismissed more than a month prior to the filing of the motion and no order made in the meantime setting the dismissal aside did not affect the court's power to correct the entry. If the motion had been one attacking the order in a collateral proceeding it could not have been sustained unless the order (judgment) had been first set aside under the provisions of section 3859, Revised Code of 1928, and within the period prescribed therein, but the power of the court to correct its minutes by a *nunc pro tunc* order either before or after the expiration of six months from the date of entry, is unquestioned (7 R. C. L. 1020), and its jurisdiction to do so is in no way dependent upon the existence of an order setting aside the minute entry. The purpose of such an order is to make the records speak the truth and the power to do so is inherent in the court, but in the exercise thereof the

court may not do more than make its records correspond to the actual facts; it cannot under the guise of amending a minute entry correct any judicial error it may have made, or cause an order or judgment that was never in fact made to be placed of record. In other words, the office of a *nunc pro tunc* order is to record now for then what actually did occur. *Southern Pacific Co.* v. *Pender,* 14 Ariz. 573, 134 Pac. 289; 7 R. C. L. 1019, par. 47.

The order of the court correcting its minutes in such a way as to show that the minutes included the words, "without prejudice" is affirmed.

LOCKWOOD, C. J., and ROSS, J., concur.