[Civil No. 3818.   Filed June 7, 1937.]

[68 Pac. (2d) 705.]

WOOD'S PHARMACY, INC., a Corporation, C. M. WOOD, MRS. R. T. FRANKLIN, D. S. DUNCAN, JOHN DOE, RICHARD ROE and MARY MOE, Appellants, v. J. C. KENTON, Appellee.

Mr. George D. Locke and Mr. J. Bolivar Sumter, for Appellants.

Messrs. Lynch and Herring, for Appellee.

LOCKWOOD, J.—This is an appeal from an order of the superior court of Maricopa county entered *nunc pro tunc* July 20, 1936, for the purpose of correcting a minute entry of March 31st. The record shows that J. C. Kenton, hereinafter called plaintiff, filed a certain action in the superior court of Maricopa county against Wood's Pharmacy, Inc., a corporation, and others, hereinafter called defendants. After various preliminary pleas were disposed of, a hearing was had on July 8, 1935, on a motion to show cause why an audit should not be made. After considerable evidence was introduced on this motion, the court took the matter under advisement, and no further proceedings were had until March 31, 1936, when the following order was made:

"Comes now the plaintiff appearing by counsel, Lynch & Herring by A. R. Lynch. Thereupon, it is ordered this cause is dismissed with prejudice on motion of counsel for the plaintiff."

Thereafter, and on April 29th the plaintiff filed the following motion:

"That an order be issued amending according to truth and justice that order entered on the records of the clerk of the superior court on March 31, 1936, in the above entitled and numbered cause which now reads, 'dismissed with prejudice on motion of the plaintiff,' and that the said order be amended and changed *nunc pro tunc* to read, 'dismissed without prejudice on motion of the plaintiff.'

"In support of this motion your petitioner states, that on the 31st day of March 1936, A. R. Lynch, one of the attorneys for the plaintiff in the above entitled and numbered cause appeared before the court and

under section 3813, R. C. A. 1928, requested the court to enter an order dismissing the above entitled action. That through inadvertence or mistake the clerk of the said court caused the order to be entered as it now stands in the records of the clerk of the superior court as above set out. That the motion to dismiss is made under section 3813, R. C. A. 1928, and was not intended at that time or at any time to be a dismissal of the action prejudicing the plaintiff's right to file over or to begin an action seeking relief against the defendants at a later date.''

The court, on May 11th, took evidence on the motion to correct as above set forth, and on July 20th entered the following order:

''It is hereby ordered granting motion of plaintiff to correct the record so that the minute entry of March 31, 1936 shall read, 'Order this cause dismissed without prejudice, on motion of plaintiff,' instead of 'with prejudice.' ''

It is from this last order that the appeal is taken.

The question before us is the nature of a *nunc pro tunc* order, and whether the record shows that the order of July 20th was correct. We have had the question of *nunc pro tunc* orders before us in several cases, the first case being *Southern Pac. Company* v. *Pender,* 14 Ariz. 573, 134 Pac. 289. Therein we said:

''The office of a *nunc pro tunc* entry is not to make an order now for then, but to enter now for then an order previously made. *Klein* v. *Southern Pac. Co.,* (C. C.) 140 Fed. 213; *Lombard* v. *Wade,* 37 Or. 426, 61 Pac. 856.''

The matter again came up in *Rae* v. *Brunswick Tire Corp.,* 45 Ariz. 135, 40 Pac. (2d) 976, 979, under circumstances very similar to those involved in the present case, the particular issue involved therein also being the correction of an order of dismissal. In that case we said:

"The purpose of such an order is to make the record speak the truth and the power to do so is inherent in the court, but in the exercise thereof the court may not do more than make its records correspond to the actual facts; it cannot under the guise of amending a minute entry correct any judicial error it may have made, or cause an order or judgment that was never in fact made to be placed of record. In other words, the office of a *nunc pro tunc* order is to record now for then what actually did occur."

And we held that the record in that case showed sufficiently that the *nunc pro tunc* order was properly made. The matter again was under consideration in *American Surety Co. of New York* v. *Mosher,* 48 Ariz. 552, 64 Pac. (2d) 1025, 1030, and we said:

"The object of an order *nunc pro tunc* is not the rendering of a new judgment and the ascertainment and determination of new rights, but is only the placing in proper form on the record the judgment that had been previously actually rendered, in order that the record may speak the truth so as to make it show what the judicial action really was. Its office is not to supply omitted action by the court, but to furnish the record of an action really had, where its recording was omitted through inadvertence or mistake."

In that case the question was raised as to whether a *nunc pro tunc* order could be based on the personal recollection of the court, or must be founded upon some written memorandum in the case and among the files of the court, and we held that either was sufficient.

The question then is whether there is sufficient evidence in the record to show that the court, as a matter of fact, on March 31, 1936, did order the action "dismissed *without prejudice,*" whereas the clerk inadvertently, in entering the order on the minutes, made it to read, "dismissed *with prejudice.*" We think the reporter's transcript of the hearing on the motion

is decisive on this point. Mr. A. R. Lynch, of counsel for plaintiff, the attorney who requested the dismissal, testified as follows, when asked as to what the original order made by the court actually was:

"I wanted the order to read what the order was when it was made. The words 'with prejudice' or 'without prejudice' were not mentioned by the court, were not mentioned by me, and were not mentioned by the clerk, and where the clerk got them, I don't know."

The trial judge said:

"As far as the court is concerned, I am sure that I neither directed an order with or without prejudice. I most certainly would not have directed it without prejudice, or with prejudice, I should say, unless I thoroughly understood that to be the desire, because I realize the significance of that."

The clerk who actually made the order had no independent recollection as to the language used. We think the statement of the trial judge to the effect that he was sure he did not direct the order either "with or without prejudice," when coupled with the statement of the counsel who asked the order that the words "with prejudice" or "without prejudice" were not mentioned by the court, the clerk, or himself, is conclusive to the effect that the order actually given on March 11th was merely that the case should be dismissed, without the addition of the words "with prejudice" or "without prejudice." There is nothing in the record to contradict or even question these statements. It is obvious, therefore, that the order of July 20th directing the correction of the order of March 31st by striking therefrom the words "with prejudice" and inserting the words "without prejudice" was partially correct and partially incorrect. The trial court very properly struck the words "with prejudice," but, on his own statement,

had no right to include in the *nunc pro tunc* order the words "without prejudice." The order should have read, in substance, "the minute entry of March 31, 1936, is corrected to read, 'order this case dismissed on motion of the plaintiff.'"

The transcript also shows that after Mr. Lynch and the trial judge had made their statements in regard to what actually occurred, Mr. Herring, of counsel for plaintiff, evidently realized that a *nunc pro tunc* order of the nature he desired could not properly be made, and therefore moved to amend his petition so that instead of being a request for a *nunc pro tunc* order, which, under the evidence, could not be made as he desired, it was one that an amendment of the order of March 31st should be made, dismissing the case "without prejudice."

■■ Since the six-month period allowed for the amendment of an order made inadvertently had not yet expired, it would have been quite proper for the court to vacate the order of March 31st, and enter an amended order as of July 20th, dismissing the action without prejudice. Section 3859, Rev. Code 1928. But it could not enter a *nunc pro tunc* order showing that on March 31st an order was made which, according to all the evidence, was not made.

The order appealed from is set aside, and the case remanded with instructions to the trial court to proceed as law and justice may require.

McALISTER, C. J., and ROSS, J., concur.