**R. F. KELLY, Plaintiff,**

v.

**Lee HARRIS, Defendant.**
**Civ. A. No. 1875.**

United States District Court
D. Montana,
Great Falls Division.
Jan. 20, 1958.

L. R. Bretz, Great Falls, Mont., for plaintiff.

Doyle & Francisco, Conrad, Mont., for defendant.

JAMESON, District Judge.

On July 24, 1957, plaintiff filed a request for admission of facts, directed to "Frisbee & Moore, Attorneys for Defendant", Cut Bank, Montana. On June 20, 1957, defendant had filed a praecipe for the entry of Doyle and Francisco of Conrad, Montana as attorneys for the defendant, reciting that Frisbee & Moore had withdrawn and were no longer attorneys for the defendant. On August 9, 1957, Doyle & Francisco, as attorneys for the defendant, filed answers to plaintiff's request, six days after the ten days prescribed for answer by Rule 36 of the Federal Rules of Civil Procedure, 28 U.S. C.A.

On September 10, 1957, plaintiff filed a motion to strike the defendant's answers for failure to comply with the provisions of Rule 36 and for summary judgment. On September 6th, defendant filed a motion for summary judgment, upon the ground of res judicata, in that the subject matter of this action had been litigated in the District Court of Pondera County, Montana, wherein a judgment of dismissal with prejudice had been entered. Briefs were filed by counsel for the respective parties and oral arguments were presented on all motions on January 6, 1958.

The praecipe for withdrawal of Frisbee and Moore and entry of Doyle and Francisco as attorneys for defendant was not served upon plaintiff's counsel, but defendant's brief recites that on or about June 26, 1957, Howard T. Francisco, one of defendant's attorneys, personally called plaintiff's attorney on the telephone and advised plaintiff's attorney that Doyle and Francisco were the attorneys of record for the defendant and discussed the case with plaintiff's attorney. It is recited further in defendant's brief that the defendant was not notified of the service and did not receive the request for admission of facts until August 2, 1957, whereupon he saw his new attorneys, Doyle and Francisco.

No service of request for admissions was made upon Doyle and Francisco, who were then the attorneys of record. The answers were filed seven days after the request was delivered to defendant and by him to his counsel. Regardless of the fact that the praecipe for entry of new counsel was not served upon counsel for plaintiff, there is no evidence of lack of good faith on the part of the defendant.

In the case of Hopsdal v. Loewenstein, D.C.N.D.Ill.E.D.1945, 7 F.R.D. 263, 264, the defendant's counsel was on vacation at the time of service of request for admissions, but due diligence in answering the request was pursued upon his return, The court there held that even though the answer had not been filed within the time allowed by Rule 36, "the court may, in its discretion, deny a motion to strike such answer, there appearing to be no indication of lack of good faith on the part of the responding party and no prejudice caused to the moving party." See also, Countee v. United States, 7 Cir., 1940, 112 F.2d 447.

Here the answers were actually filed within ten days after defendant and his counsel of record had notice or knowledge of the request. The counsel upon whom service was made had been withdrawn of record and plaintiff's counsel had been advised informally of the substitution of new counsel. Under these circumstances, defendant cannot be prejudiced by the misdirection of the request for admissions. Plaintiff's motions to strike and for summary judgment are denied.

Defendant's motion for summary judgment is based upon the pleadings in this action, the affidavit of Howard T. Francisco, one of defendant's attorneys, and certified copies of the pleadings, court minutes and judgment in Civil Action No. 6560, in the District Court of Pon-

dera County, Montana, R. F. Kelly, Plaintiff vs. Lee Harris, Defendant. The complaint in this action alleges the same cause of action as the complaint in the action in state court. The minutes of the District Court of Pondera County, Montana for January 11, 1956, contain the following recital, with reference to Civil Action No. 6560, R. F. Kelly vs. Lee Harris:

"The above entitled action was called for trial, the defendant appearing in person and by attorney D. W. Doyle, the plaintiff not appearing either in person or by attorney.

"Motion made by attorney D. W. Doyle to have the case dismissed, with prejudice, on its merits. Motion granted by the Court."

On July 17, 1956, a judgment was entered reading as follows:

"Whereas, the above entitled action, was, by the Court set for trial before a jury for January 11, 1956, at the hour of 9:30 A.M., in the above entitled Court and Notice thereof was duly given to the plaintiff, and

"Whereas, on January 11, 1956, said action was duly called for trial, and the defendant and his attorneys being present answered that the defendant was ready for trial, and the plaintiff, either in person or by attorney having failed to appear for trial, the defendant moved the Court for an Order dismissing said action with prejudice, whereupon the Court granted the defendant's Motion to dismiss said action with prejudice.

"Now, therefore, it is hereby ordered, and adjudged, that the above entitled action be and it is hereby dismissed, with prejudice on its merits nunc pro tunc as of January 11, 1956."

Defendant contends that this action is barred (1) by the order of dismissal recorded in the court minutes of January 11, 1956, and (2) by the nunc pro tunc judgment entered July 17, 1956. Plaintiff argues (1) that the minute entry of

January 11, 1956 was not in itself a judgment; (2) that a party cannot rely upon a judgment entered more than 6 months after the decision; and (3) that the nunc pro tunc judgment is of no force and effect.

Section 93–4705, R.C.M.1947, provides that an action may be dismissed

" * * * 3. By the court, when the plaintiff fails to appear on the trial, and the defendant appears and asks for the dismissal; * * *

"6. By the court, when, after verdict or final submission, the party entitled to judgment neglects to demand and have the same entered for more than six months;"

■ A judgment is a final determination of the rights of the parties. Section 93–4701, R.C.M.1947. An order dismissing an action is a final judgment from which an appeal can be perfected. If the "order" has the effect of finally determining the rights of the parties, it is a "judgment". State ex rel. Meyer v. District Court, 1936, 102 Mont. 222, 57 P.2d 778; State ex rel. Walker v. Board of Commissioners of Flathead County, 1947, 120 Mont. 413, 187 P.2d 1013. In each of these cases, however, a formal order was signed and entered. Counsel for plaintiff contends that a minute entry does not have the same effect, relying upon Pentz v. Corscadden, 1914, 49 Mont. 581, 144 P. 157, where the court held that a minute entry of an order sustaining a demurrer was not a judgment and not an appealable order.

The California court has held under a statute similar to Section 93–4705 (Cal. Code Civ.Proc. 581) and related statutes, that "the order of dismissal is the judgment in the case and becomes effective for all purposes when entered upon the minutes of the court", and that "the minute order was the real judgment and the subsequent formal judgment was but a memorial or a record thereof". Southern Pacific Railroad Co. v. Willett, 1932, 216 Cal. 387, 14 P.2d 526; E. Clemens Horst Co. v. Federal Mutual Liability Insurance Company, 1937, 22 Cal.App.2d 548, 71 P.2d 599, and cases there cited.

Defendant contends that Pentz v. Corscadden is distinguishable, but if not, that it was overruled by the subsequent Montana cases of State ex rel. Meyer v. District Court and State ex rel. Walker v. Board of Commissioners of Flathead County, supra. These cases are not precisely in point since formal written orders were entered. Here in open court the court granted defendant's "motion to have the case dismissed with prejudice, on its merits", and this action was recorded by the clerk in the court minutes. It seems probable that in line with the California decision, the Montana court would hold this a judgment. Regardless of whether the order so entered in the minutes is a judgment, in my opinion this action is barred by the judgment subsequently entered.

■ Counsel for plaintiff argues that a party who has failed to enter a judgment within six months after a decision, cannot enter it after the expiration of that period and rely upon it as a bar to a new action. In support of this contention, counsel relies upon Sec. 93–4705 (6), R.C.M.1947, supra, and State ex rel. Kohl v. District Court, 46 Mont. 348, 128 P. 582. That case simply holds, following the language of Sec. 93–4705 (6), that a case may be dismissed after six months have elapsed from the date of verdict or final submission. In this case, however, defendant relies upon Subsection 3 of Sec. 93–4705, which provides that a judgment may be entered by the court "when the plaintiff fails to appear on the trial, and the defendant appears and asks for the dismissal". Even under Subsection 6, however, "the statute clearly contemplates that the dismissal must precede the entry of judgment, and if the judgment is entered after the expiration of the six months' period, but before a motion to dismiss is interposed, it is not void, hence not open to collateral attack". Kasun v. Todevich, 1924, 71 Mont. 315, 229 P. 714, 716.

■■ It is the function of a nunc pro tunc order to "make the record speak the truth and the power to do so is inherent in the court, but in the exercise thereof the court may not do more than make its records correspond to the actual facts; it cannot under the guise of amending of minute entry correct any judicial error it may have made, or cause an order or judgment that was never in fact made to be placed of record." Rae v. Brunswick Tire Corporation, 1935, 45 Ariz. 135, 40 P.2d 976, 979. It is "the placing in proper form on the record the judgment that had previously actually been rendered, in order that the record may speak the truth so as to make it show what the judicial action really was". Wood's Pharmacy v. Kenton, 1937, 50 Ariz. 53, 68 P.2d 705, 706; E. Clemens Horst Co. v. Federal Mutual Liability Insurance Company, supra; 27 C.J.S. Dismissal and Nonsuit § 72, p. 253. In this case no change was made in the order of the court as contained in the minute entry. The nunc pro tunc order simply recorded a formal judgment pursuant to the court's order in open court. This court cannot say that the nunc pro tunc judgment is void.

The judgment, being a final determination of the rights of the parties, was appealable. Sec. 93–8003, R.C.M.1947. Whether the time for perfecting an appeal commenced on January 11, 1956, when the order was made, or July 17, 1956, when the judgment was entered, the time has now expired, and the judgment is final and binding. Is it a bar to this action?

Section 93–4708, R.C.M.1947 provides: "A final judgment dismissing the complaint, either before or after a trial, does not prevent a new action for the same cause of action, unless it expressly declares, or it appears by the judgment-roll, that it is rendered upon its merits."

■■ This has been interpreted by the Montana Supreme Court as meaning that a judgment of dismissal, wherein it expressly declares on its face that it was rendered on the merits, must be given that effect in a plea of res judicata. There is no need to go behind the express declaration of the judgment to examine the judgment roll. See Glass v.

Basin & Bay State Mining Co., 1907, 35 Mont. 567, 574, 90 P. 753, 755, wherein the court said: "So far as the judgment itself is concerned, there must be an express declaration of the fact that it is rendered on the merits; and if the judgment is silent, and recourse must be had to the judgment roll, then what is it that must appear from such judgment roll? * * * Obviously, what the Legislature meant was that, if recourse is had to the judgment alone, the judgment * * * rendered upon the merits; and if the judgment is silent, then, if it appears by express declaration of the fact in the judgment roll elsewhere than in the judgment, it will be sufficient to constitute the judgment a bar to another action for the same cause of action. * *" In this case, both the court minutes and judgment expressly state that the judgment was on the merits. Plaintiff in effect is requesting this court to go behind a judgment entered in a state court and declare that judgment to be something other than it purports to be, i. e., a judgment on the merits.

A judgment rendered by a state court of competent jurisdiction is entitled to full faith and credit in federal courts and bars an action on the same cause between the same parties. 50 C. J.S. Judgments § 900, p. 519. Moreover, " * * * where suits on the same cause of action are pending simultaneously in the state court and in the federal court, a final judgment entered in either court will be binding and conclusive in the other * * *". 50 C.J.S. Judgments § 899, p. 518.

A dismissal with prejudice is a decision on the merits and is a bar to a further action. Schuster v. Northern Company, 1953, 127 Mont. 39, 257 P.2d 249; Mars v. McDougal, 10 Cir., 1930, 40 F.2d 247; Eberle v. Sinclair Prairie Oil Co., D.C.E.D.Okl.1940, 35 F. Supp. 296; Conner v. Cornell, 8 Cir., 1929, 32 F.2d 581; 27 C.J.S. Dismissal and Nonsuit § 73, p. 255. For a judgment of dismissal to be "upon the merits" it is not necessary that the rights and wrongs of the parties have been tried. Schuster v. Northern Company,

supra, and cases there cited. The District Court of Pondera County, Montana had jurisdiction of the parties and the subject matter, and its judgment, whether right or wrong, is res judicata and binding upon this court. See Mars v. McDougal, and other cases supra. As Judge Clark said in Birch v. Utah-Idaho Concrete Pipe Company, D.C.Idaho E.D. 1951, 96 F.Supp. 344, 349, "It is no more the province of this Court to determine the correctness of the proceedings of the State District Court than it would be for that Court to determine the errors this Court might make."

The judgment of "dismissal with prejudice on its merits", entered by the District Court of Pondera County, Montana, on the subject matter of this action is binding upon this court and a bar to this action. Defendant's motion for summary judgment accordingly is granted. Defendant will submit judgment in accordance with this opinion.